Danny Y. Yoo, Bar No. 251574
dyoo@lcwlegal.com
Viddell Lee Heard, Bar No. 175049
lheard@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:  310.337.0837

Attorneys for Defendants CHAFFEY COMMUNITY
COLLEGE, SUSAN HARDIE, AISSA NASON, and
TROY AMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DANIEL MARTINEZ, | Case No.: 5:23-cv-02441-SSS (SP) |
|---|---|
| Plaintiff, | Complaint Filed: November 30, 2023 |
| v. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| CHAFFEY COMMUNITY COLLEGE, SUSAN HARDIE, AISSA NASON, TROY AMENT, and DOES 1 through 10, Inclusive, | |
| Defendants. | Date:   January 3, 2025<br>Time:  2:00 p.m.<br>Ctrm:  2 |
| | [Filed concurrently with Declaration of Viddell Lee Heard] |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 3, 2025, at 2:00 p.m., or as

soon thereafter as the matter may be heard in Courtroom 2, located at 3470 Twelfth

Street, Riverside, California 92501-3801, Defendants Chaffey Community College

District, Troy Ament, Susan Hardie, and Aissa Nason (collectively, "Defendants")

will and hereby do move to dismiss all claims for relief in the Third Amended

Complaint (TAC) pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

12679833.2 CH020-113

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

This motion is made following after conferences between counsel for Defendants, Viddell Lee Heard, and counsel for Plaintiff, Gloria Haney, pursuant to Local Rule 7-3. (*See* Declaration of Viddell Lee Heard, filed contemporaneously with this motion.) Mr. Heard and Ms. Haney conferred by telephone on November 26, 2024 for approximately 25 minutes, during which they discussed the deficiencies raised in this motion and Defendants' intention to move to dismiss the complaint. (*See id*. ¶¶ 3-4.) Because the TAC made only minimal changes to the Second Amended Complaint (SAC), much of the parties' discussion involved references to issues raised in Defendants' motion to dismiss the SAC and the Court's October 31, 2024 Order granting that motion. During the telephone conference, Ms. Haney declined to state whether Plaintiff would amend the TAC. (*Id*. ¶ 4) Because Ms. Haney has not indicated Plaintiff will amend the TAC, the parties were unable to resolve the issues raised in this motion. (*Id*.)

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Heard Declaration filed herewith, all pleadings and papers filed in this case, and any other oral and documentary evidence as may be presented hereafter

Dated:  December 5, 2024                    Respectfully submitted,

                                           LIEBERT CASSIDY WHITMORE

                                 By:  */S/ Viddell Lee Heard*
                                      Danny Y. Yoo
                                      Viddell Lee Heard
                                      Attorneys for Defendants
                                      CHAFFEY COMMUNITY
                                      COLLEGE, SUSAN HARDIE,
                                      AISSA NASON, and TROY
                                      AMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12679833.2 CH020-113

1

# TABLE OF CONTENTS

2

**Page**

3

4

I.      INTRODUCTION ...................................................................................... 7

II.     OVERVIEW OF ALLEGATIONS IN THE COMPLAINT ......................... 8

    A.      PARTIES ......................................................................................... 8

    B.      ALLEGATIONS REGARDING PLAINTIFF'S DISABILITY AND POOR WORK PERFORMANCE ...................... 8

    C.      ALLEGATIONS REGARDING PLAINTIFF'S RELIGION ................................................................................... 10

    D.      ALLEGATIONS REGARDING PLAINTIFF'S RACE ................... 11

    E.      ALLEGATIONS REGARDING INVESTIGATIONS INTO PLAINTIFF'S WORKPLACE MISCONDUCT .................... 11

III.    LEGAL STANDARD .............................................................................. 12

IV.     LEGAL ARGUMENT ............................................................................. 12

    A.      PLAINTIFF FAILED TO COMPLY WITH THE COURT'S ORDER TO PROVIDE A REDLINE VERSION OF THE TAC .................................................................... 12

    B.      THE FIRST CLAIM FOR RELIEF FAILS ...................................... 13

        1.      The TAC Fails to Cure the Defect Identified in the October 31 Order ................................................................. 13

        2.      It Is Unclear Whether The First Claim Is Asserted Against Hardie .......................................................................... 14

        3.      The TAC Lacks Allegations of Racial Discrimination by the Individual Defendants ........................... 14

        4.      The Claim Is Untimely ................................................... 15

    C.      THE SECOND CLAIM FOR RELIEF FAILS ................................. 15

        1.      The TAC Does Not Plead Facts Sufficient to State a Claim ....................................................................................... 15

        2.      The Claim is Untimely ................................................... 16

    D.      THE THIRD CLAIM FOR RELIEF FAILS ..................................... 17

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

1.    The TAC Fails to Cure the Defects Identified in the October 31 Order ........................................................ 17

2.    The Claim is Untimely ............................................. 18

E.    THE FOURTH CLAIM FOR RELIEF FAILS ................................ 19

F.    THE SIXTH CLAIM FOR RELIEF FAILS ................................. 20

1.    The TAC Fails to Cure the Defect in the October 31 Order ...................................................................... 20

2.    The Sixth Claim Asserts an Invalid Claim for "Religious Retaliation" ................................................ 21

3.    The TAC Does Not Plead Facts Showing Discrimination (or Retaliation) on The Basis of Religion ............................................................. 21

G.    THE SEVENTH CLAIM FOR RELIEF FAILS .............................. 21

H.    THE NINTH CLAIM FOR RELIEF FAILS ................................. 22

V.    CONCLUSION ............................................................ 22

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
THIRD AMENDED COMPLAINT

12679833.2 CH020-113

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Ashcroft v. Iqbal*
    (2009) 556 U.S. 662  .................................................................... 12

5

*Balu v. Jacobsen*
    (N.D. Cal. 2007.) 2007 WL 81908, *3 ........................................ 16

6

7

*Bell Atl. Corp. v. Twombly*
    (2007)550 U.S. 544 ...................................................................... 12

8

*Hill v. Bd. of Dirs, Officers & Agts & Ind of the Peoples Coll. of L.*
    (C.D. Cal. 2023) No. 2:23-CV-01298-JLS-PD, 2023 WL 9420819,
    at *3 ............................................................................................... 13

9

10

*Mills v. City of Covina*
    (9th Cir. 2019) 921 F.3d 1161 ...................................................... 15

11

*Papasan v. Allain*
    (1986)478 U.S. 265 ................................................................. 12, 17

12

13

*Sprewell v. Golden State Warriors*
    (9th Cir. 2001)266 F.3d 979 ................................................... 12, 15

14

*Turner v. City and County of San Francisco*
    (9th Cir. 2015). 788 F.3d 1206 .................................................... 16

15

16

**State Cases**

17

*Myers v. Philip Morris Companies, Inc.*
    (2002) 28 Cal.4th 828 .................................................................. 18

18

*Singer Co. v. Cty. of Kings*
    (1975) 46 Cal.App.3d 852 ............................................................ 18

19

20

*Williams v. City of Belvedere*
    (1999) 72 Cal.App.4th 84, 92-93 ................................................. 18

21

**Federal Statutes**

22

42 U.S.C. section 1981 ..................................................................... 8

23

**State Statutes**

24

Government Code section 12940(a) ................................................ 20

25

Government Code section 12940(h) ........................................... 20, 21

26

Government Code section 12940(k) ................................................ 12

27

28

5

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12679833.2 CH020-113

Government Code secion 12960(e) ............................................................................18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

12679833.2 CH020-113

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On October 31, 2024, the Court granted Defendants' motion to dismiss the First through Fourth, Sixth, Seventh, and Ninth Claims for Relief in the Second Amended Complaint with leave to amend. (Dkt. # 39.) Defendants now move to dismiss those claims because Plaintiff's Third Amended Complaint (Dkt. # 40) fails to cure the defects in those claims and to comply with the Court's October 31 Order.

First, Plaintiff failed to comply with the Court's order that Plaintiff file a "redline version [of the TAC] that shows the amendments" to the Second Amended Complaint. Instead, Plaintiff filed a document (Dkt. # 42-1) that conceals the changes made to the SAC. This filing, and Plaintiff's refusal to correct it, have greatly impaired Defendants' ability to evaluate the merits of the TAC.

Second, the Court dismissed several claims on the grounds that they omitted or obscured the basis of a claim, thereby violating Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The TAC failed to cure these defects. The First Claim still purports to bring one claim for violations of both 42 U.S.C. §§ 1981 1983, and the Sixth Claim still purports to bring one claim for both "religious discrimination/retaliation" in violation of the Fair Employment and Housing Act (FEHA).

Third, the TAC pleads several claims for discrimination, retaliation or harassment based on Plaintiff's race or religion but does not plead facts to substantiate those claims. The fact section of the TAC hardly references Plaintiff's race or religion at all, and nowhere states facts demonstrating wrongful conduct *motivated by* these characteristics.

Fourth, many of the claims are untimely. The TAC does not plead facts

1  demonstrating actionable conduct by Defendants on or after January 1, 2020.
2  Accordingly, the claims for relief under the FEHA and 42 U.S.C. §§ 1981 and 1983
3  are time-barred.

4      The October 31 Order "cautioned that this Court is not included to grant
5  leave to amend if [Plaintiff] cannot cure his deficiencies." (Order at 12.) Plaintiff
6  has now had four opportunities to state the claims at issue in this motion but has
7  failed to do so. Defendants therefore respectfully request the Court dismiss these
8  claims without leave to amend.

9  **II.    OVERVIEW OF ALLEGATIONS IN THE COMPLAINT**
10      **A.    PARTIES**

11      The TAC alleges that Plaintiff is a janitor employed since 2008 in the
12  District's Maintenance and Operations (M&O) Department. (SAC ¶ 7.) It alleges
13  that Troy Ament is the Director of M&O Department, Aissa Nason is Plaintiff's
14  supervisor, and that Susan Hardie works "in Human Resources." (*Id.* ¶ 9.)

15      **B.    ALLEGATIONS REGARDING PLAINTIFF'S DISABILITY**
16          **AND POOR WORK PERFORMANCE**

17      The TAC alleges that Plaintiff has had "long standing [sic] bilateral hearing
18  loss" since childhood. (*Id.* ¶¶ 8, 10.) Plaintiff's performance evaluations prior to
19  2014 were allegedly always rated "satisfactory" until 2014, when Mr. Ament and
20  Ms. Nason became his supervisors. The TAC alleges that the "District and its
21  agents failed to take into account that" Plaintiff did not have the "necessary
22  technology which would insure he would know when he was being spoken to" and
23  did not take Plaintiff's alleged disabilities into consideration in preparing his
24  evaluations. (*Id.* ¶ 11.) The TAC does not identify who the District's "agents" are.

25      Beginning in 2014, Plaintiff apologized to Ms. Nason for not hearing her
26  give him a work assignment, but stated that the oversight was due to his hearing
27  loss. (*Id.*) He also requested a special telephone for the hearing impaired "so that he

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8

12679833.2 CH020-113

would know when his supervisors are attempting to communicate with him." (*Id.* ¶ 14.) That request was allegedly "basically denied and/or ignored." (*Id.* ¶ 15.)

In October 2016, Plaintiff's healthcare provider recommended he have "medicine or surgery that will correct his sensorineural hearing loss" and recommended "communication techniques" that would allow him to communicate more effectively. (*Id.* ¶ 16.) These techniques included others trying to get Plaintiff's attention before speaking to him, Plaintiff focusing on the face of the person talking to him, and using assistive listening devices to help with communication. (*Id.*)

On April 3, 2017, Plaintiff received a Notice of Disciplinary Action that recommended a 15-day suspension. (*Id.* ¶ 18.) The Notice recounted five reprimands Plaintiff had received between 2010 and 2014 for failure to report to a location for clean-up, failure to properly clean assigned areas, and his "repeated tardiness" and "excessive absenteeism." (*Id.*) The TAC alleges that Plaintiff's disability was not discussed in these reprimands, but it does not explain how Plaintiff's hearing impairment was relevant to the reprimands. (*Id.*)

The TAC alleges that Mr. Ament and Ms. Nason did not understand that the special cell phone the District provided Plaintiff was not "what one would consider to be the definitive accommodation for a deaf person." (*Id.* ¶ 19.) They allegedly remarked during staff meetings that Plaintiff had failed to respond to calls on his handheld radio, and that Plaintiff ignored instructions and was insubordinate. (*Id.*) The TAC alleges that Plaintiff was placed on two years' probation during which he had to "report to supervisors, sign in and out on a regular basis, [and] get permission [for] any deviation [from] his work duties." (*Id.* ¶ 22.)

The TAC alleges that Plaintiff had difficulty understanding Mr. Ament and Ms. Nason when they spoke to him while wearing masks, and as a result he was accused of being insubordinate. (*Id.* ¶ 20.)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12679833.2 CH020-113

Case 5:23-cv-02441-SSS-SP    Document 47    Filed 12/05/24    Page 10 of 23    Page ID #:708

The TAC alleges that, on eight occasions from 2018 to 2023, Ament was in or near Plaintiff's vicinity, which Plaintiff interpreted as Ament – the head of Plaintiff's department -- monitoring his work performance.[1] During this period, Ament, Nason or District employees would allegedly sometimes call for Plaintiff on the radio. (*Id.* ¶¶ 33, 39.) The TAC does not allege he was accused of insubordination during this period. (*See id.* ¶¶ 25-52.) But it does acknowledge that Plaintiff missed a February 2020 accommodations meeting with Human Resources because he did not check his email. (*Id.* ¶ 37.)

## C.    ALLEGATIONS REGARDING PLAINTIFF'S RELIGION

In 2020, Plaintiff's pastor allegedly wrote to the District to explain that Plaintiff's religious beliefs "could not permit the vaccinations for the COVID disease." (*Id.* ¶ 21.) However, the TAC does not allege the District required Plaintiff to become vaccinated, that he sought an accommodation or exemption from that requirement, that the District denied his request without proper cause, or that it penalized him for refusing the vaccine. (*Id.*)

The TAC alleges that at some point after Plaintiff sought a disability accommodation from the District's mask mandate in 2021, he "sought and requested an exemption for religion." (*Id.* ¶ 44.) But the TAC does not identify the District requirement for which he sought the exemption or allege that he had a religious objection to the requirement or that the District improperly denied his request. (*See, e.g., id.* ¶¶ 42, 44, 46) (no allegation Plaintiff had a religious objection to wearing a mask.)

---

[1] *See id.* ¶¶ 9 (Ament tried to enter restroom as Plaintiff exited), 25 (Ament drove by and stopped to admonish for not working), 27 (Ament stopped by "to see what Martinez had been doing from 12:25-12:46" p.m.), 28 (a month later, Ament was outside the M&O breakroom), 29 (a month later, Ament stopped at a gas pump while Plaintiff was on a break), 30 (Ament walked through the Lithography building when Plaintiff was cleaning it), 31 (47 days later, Ament was in the same restroom as Plaintiff), 32 (Ament asked District employee about Plaintiff's attendance).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

12679833.2 CH020-113

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

### D.    ALLEGATIONS REGARDING PLAINTIFF'S RACE

The fact section of the TAC makes only two references to race. Paragraph 7 states that Plaintiff is a "Latino/Hispanic male." Paragraph 52 states that "those who engaged in discrimination against Martinez were never questioned or disciplined for conduct in violation of District's policies against discrimination based on race/ethnicity/nationality or harassment." The TAC does not identify any alleged wrongful conduct by any Defendant motivated by his race. The claims for relief state that Plaintiff suffered racial discrimination, harassment, or retaliation, but only in conclusory fashion. (*See, e.g., id.* ¶¶ 57, 64.)

### E.    ALLEGATIONS REGARDING INVESTIGATIONS INTO PLAINTIFF'S WORKPLACE MISCONDUCT

In February 2016, Plaintiff was investigated for "sleeping in a closet on December 7, 2015, where he was found to be dishonest" but was suspended rather than terminated. (*Id.* ¶ 23 (April 2017 suspension).) Plaintiff was also investigated in April 2023 after a female employee "filed complaints against another employee [i.e., Plaintiff] because of her so-called fear of being physically harmed and having to come in at different work times in order to avoid physical harm" from Plaintiff. (*Id.* ¶ 48.) The TAC further alleges:

> Candice Brock ("Brock") was the complainant against Martinez, claiming among other things that he grabbed Brock from behind and that he told Brock he "needed a companion." Brock, an employee in her late 60s to 70s also states that experience was not the only experience which "made her feel uncomfortable" regarding Martinez.

(*Id.*)[2]

The TAC does not allege that Ms. Brock's complaint was inaccurate or

---

[2] *See also id.* ¶ 53 (alleging Plaintiff was terminated because he "was retaliating against Brock because she filed an internal complaint for sexual harassment against" Plaintiff.)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT

12679833.2 CH020-113

1  suggest that the District's decision to investigate her complaint was improper. (*Id*. ¶
2  48; *see also id.* ¶ (quoting requirement under Gov. Code § 12940(k) that employer
3  "take all reasonable steps necessary to prevent . . . harassment from occurring in the
4  workplace.") The TAC alleges that Plaintiff was ultimately terminated for having
5  retaliated against Brock for reporting his improper behavior. (*Id.* ¶ 53.)

## III.  LEGAL STANDARD

7          To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts
8  to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*
9  550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual
10 allegations," it must contain "more than labels and conclusions" or "a formulaic
11 recitation of the elements of a cause of action." *Id.* at 555.

12         Allegations in a complaint need not be accepted as true if they "are merely
13 conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*
14 *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial
15 plausibility when the plaintiff pleads factual content that allows the court to draw
16 the reasonable inference that the defendant is liable for the misconduct alleged."
17 *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin
18 to a 'probability requirement' but it asks for more than a sheer possibility that a
19 defendant has acted unlawfully" or "facts that are 'merely consistent with' a
20 defendant's liability." (*Id.*)

## IV.  LEGAL ARGUMENT

### A.  PLAINTIFF FAILED TO COMPLY WITH THE COURT'S ORDER TO PROVIDE A REDLINE VERSION OF THE TAC

24         The October 31 Order directed Plaintiff to file, contemporaneously with the
25 TAC, "a Notice of Lodging to the amended complaint that provides the Court with
26 a redline version that shows the amendments" to the prior SAC. (Order at 11.)
27 Plaintiff did not comply with this order but, instead, filed a document that

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
THIRD AMENDED COMPLAINT

12679833.2 CH020-113

affirmatively misrepresents the changes made to the SAC. (*See* Dkt. # 42-1.) Nearly all of the purportedly new allegations were already included in the SAC. (*Compare* Redline at 2:16-3:8 (indicating new allegations in red font) *with* SAC at 2:12-3:4.) Plaintiff just randomly put some of the allegations in red font, thereby falsely suggesting that he made extensive changes to the SAC.[3] The redline version also fails to identify new allegations added to the TAC. (*Compare* Redline at 33:24-27 *with* SAC at 31:11.)

Filing this misleading document impaired Defendants' and the Court's ability to identify and evaluate the sufficiency of the amendments to the TAC. Plaintiff is aware that the redline version does not comply with the Order but refuses to correct it. (Heard Decl. ¶¶ 2.) Defendants believe Plaintiff's purposeful flouting of the Order justifies the granting of this motion.

## B.    THE FIRST CLAIM FOR RELIEF FAILS

The First Claim for Relief asserts a claim for racial discrimination in violation of 42 U.S.C. § 1983 against Ament, Hardie and Nason. (SAC at 29-30.) This claim should be dismissed.

### 1.    <u>The TAC Fails to Cure the Defect Identified in the October 31 Order</u>

The Court dismissed the "confusing" First Claim on the grounds that it failed to comply with Rule 8(a)(2):

> In his first claim, Martinez attempts to bring one claim for violations of both Section 1981 and Section 1983. [SAC ¶ 56, 57]. Highlighting the confusion, Martinez states both the law of Sections 1981 and 1983, but Defendants construe the claim solely as under 1983. [*Id*.; Motion at 14]. . . . Because neither Defendants nor the Court can be expected to parse the legal basis for Martinez's claims, the Court additionally

---

[3] (*Compare, e.g.*, Redline at 3:17-24 *with* SAC at 3:13-20; Redline at 5:22-7:3 *with* SAC at 5:22-6:27; Redline at 7:21-11:12 (merely double-spacing single-spaced text in the SAC) *with* SAC at 7:10-9:14; Redline at 15:14-28 *with* SAC at 13:4-17; Redline at 17:13-16 *with* SAC at 15:2-5; Redline at 19:4-8 *with* SAC at 16:21-25; Redline at 21:1-3 *with* SAC at 18:19-21; Redline at 24:2-5 *with* SAC at 22:21-24; Redline at 26:14-16 *with* SAC at 24:5-7; Redline at 27:10-28:11 *with* SAC at 24:28-25:28; Redline at 30:26-31:8 *with* SAC at 28:14-24.)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

13

DISMISSES Martinez's first and ninth claim[s]. *See Hill v. Bd. of Directors, Officers & Agents & Individuals of the Peoples Coll. of L.,* No. 2:23-CV-01298-JLS-PD, 2023 WL 9420819, at *3 (C.D. Cal. June 7, 2023) ("District courts possess inherent authority to dismiss *sua sponte* a pleading that fails to comply with Rule 8").

Order at 7 (footnote omitted).

The First Claim in the TAC is virtually identical to the First Claim in the SAC, and still attempts to plead a single claim for violations of Section 1981 and Section 1983. (*Compare* TAC ¶¶ 55-57 *with* SAC ¶¶ 55-57.) Plaintiff's refusal to amend this claim justifies dismissal without leave to amend.

### 2. It Is Unclear Whether The First Claim Is Asserted Against Hardie

The caption of the First Claim states that it is asserted against "Ament, Hardie, and Nason." (TAC at 32:9-11.) But Plaintiff added a new sentence to Paragraph 55 which states "Plaintiff found himself being subjected to adverse employment actions by Ament and Nason because he is Latino." (*Id.* ¶ 55.) It is now unclear if the First Claim is asserted against Hardie as well. This uncertainty violates Rule 8(a)(2) by failing to give Hardie fair notice of the basis for her purported liability. *See Twombly*, 550 U.S. at 548 (complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.")

### 3. The TAC Lacks Allegations of Racial Discrimination by the Individual Defendants

The First Claim alleges that Ament, Nason, and perhaps Hardie, discriminated against Plaintiff on the basis of his race. (TAC ¶¶ 55-57.) However, the TAC does not plead *facts* demonstrating race-motivated conduct by any of these individuals. On the subject of race, the TAC's fact section states only that Plaintiff is a "Latino/Hispanic male" and that "those who engaged in discrimination against Martinez were never questioned or disciplined for conduct in violation of District's policies against discrimination based on race/ethnicity/nationality or harassment." (*Id.* ¶¶ 7, 52.) It does not identify any specific conduct by any Defendant motivated

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

14

by racial animus, who engaged in that conduct, or when the conduct occurred. (*See id.*) Instead, the TAC includes only conclusory allegations regarding Plaintiff's race in each claim for relief. (*See, e.g., id.* ¶¶ 57, 64, 73.) These conclusory statements cannot state a valid claim. *See Sprewell*, 266 F.3d at 988.

### 4.    The Claim Is Untimely

California's two-year statute of limitations for personal injury actions applies to Section 1983 claims. *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019). Plaintiff filed this action on November 30, 2023 (Dkt. No. 1), so the First Claim for Relief must be based on conduct that occurred on or after November 30, 2021. Yet, as discussed above, the TAC does not allege racially-discriminatory conduct by Ament, Nason or Hardie at all, much less such conduct within the limitations period.

The only conduct alleged to have occurred on or after November 30, 2021 are (1) a Zoom meeting that Plaintiff did not attend regarding his request for a disability accommodation for the alleged mask mandate; (2) Plaintiff asking Hardie when she would investigate unspecified "complaints and allegations," and (3) the District's completion of the Brock investigation, and its termination of Plaintiff's employment due to Plaintiff's retaliation against Brock. (*Id.* ¶ 9, 46, 52-53.) The TAC does not plead facts showing that any of this conduct was motivated by racial animus.

### C.    THE SECOND CLAIM FOR RELIEF FAILS

The Second Claim for Relief asserts a claim for violation of 42 U.S.C. § 1983 for "Protected Speech, Equal Protection, Against the Individual Defendants." (SAC at 31.)

### 1.    The TAC Does Not Plead Facts Sufficient to State a Claim

To state a claim for violation of the First Amendment, a plaintiff must allege that (1) she engaged in protected speech, (2) the employer took "adverse

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12679833.2 CH020-113

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

employment action" against her and (3) her speech was a "substantial or motivating" factor for the adverse employment action. *Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015). The plaintiff "must plead specific facts describing the protected speech at issue, and how defendants interfered with his rights to free speech." (*Balu v. Jacobsen*, 2007 WL 81908, *3 (N.D. Cal. 2007.))

The TAC does not plead the required specific facts. It refers only vaguely to Plaintiff having "made complaints" on various topics, but does not disclose the specific complaint made or when the complaints were made. (TAC ¶¶ 9, 11, 45, 47, 52). The timeline in the fact section does not reference any occasion on which Plaintiff lodged a complaint; it alleges only that, in October 2022, he asked Hardie "when she was going to investigate [Plaintiff's] complaints and allegations." (*Id.* at 6-9.) The one complaint specified in the TAC does not reference any protected speech. (*Id.* at 10-11.)

This lack of sufficient allegations is especially apparent for Ms. Hardie. The TAC alleges that she hired an investigator after Plaintiff was found sleeping in a closet; failed to approve or adequately discuss his request for a disability accommodation; sent out an email regarding the "Face Mask Guidance from the California Department of Health"; and, along with the other Defendant, failed to investigate Plaintiff's complaints. (*Id.* ¶¶ 9, 12, 15, 38, 41, 46.) It also alleges that Plaintiff "was *basically* denied and/or ignored and called 'dishonest' and 'insubordinate' by Hardie, Ament, and Nason" (emphasis added), but not that Hardie *actually* called him dishonest or insubordinate. (Id. ¶ 15.)

Therefore, Defendants respectfully request that the Court dismiss the Second Claim as to each Individual Defendant.

### 2.    The Claim is Untimely

As discussed above, the statute of limitations to bring a Section 1983 claim is

12679833.2 CH020-113

two years. The TAC does not plead facts identifying *race-based* adverse employment actions occurring on or after November 30, 2021. Therefore, this claim is untimely and must be dismissed without leave to amend.

### D.    THE THIRD CLAIM FOR RELIEF FAILS

#### 1.    <u>The TAC Fails to Cure the Defects Identified in the October 31 Order</u>

The Court dismissed the Third Claim because it failed to adequately allege that the District failed to take all reasonable steps to prevent discrimination:

> Instead of stating the reasonable steps the District did not take, Martinez merely states the "District did not take all reasonable steps to prevent the discrimination from occurring." [SAC ¶ 62]. A legal conclusion couched as a factual allegation is not enough to survive this Motion. *See Papasan*, 478 U.S. at 286. Thus, the Court **GRANTS** Defendants' Motion with respect to Martinez's third claim.

(Order at 8.)

Plaintiff amended the Third Claim to state, in pertinent part, that

> District did not take *any steps* whatsoever to insure the so-called accommodations was sufficient and appropriate to meet Martinez's need to address his hearing loss. The Defendants merely forced objects on Martinez, like the cell phone, for example. Because Martinez continued to complain, Ament and Nason had notice what they pushed on Martinez did not work and/or assist him with his disability and the work in Maintenance & Operation he had performed successfully under other supervisors.

(TAC ¶ 61 (emphasis in original).)

This does not cure the defect. The TAC acknowledges that the District gave Plaintiff the cell phone precisely "because of [his] history of hearing impairment." (*Id.* at 6.) The TAC does not plead facts demonstrating that this phone was an unreasonable accommodation. Instead, it simply states, without explanation, that the cell phone "was not what one would normally consider to be the definitive

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

17

12679833.2 CH020-113

accommodation for a deaf person." (TAC ¶ 19.) But the FEHA requires only that an employer "make reasonable accommodation for" an employee's disability. *See* Gov. Code § 12940(m). It does not require the employer to provide an accommodation that unidentified person(s) consider to be "definitive."

## 2.  The Claim is Untimely

Until January 1, 2020, a plaintiff was required to file an administrative complaint with the California Civil Rights Department (CRD) within one year of the date the alleged unlawful practice occurred. Govt. Code § 12960(e); *Williams v. City of Belvedere*, 72 Cal.App.4th 84, 92-93 (1999). [4] Effective January 1, 2020, the statute of limitations was expanded to three years, but that amendment is not retroactive. Stats. 2019, c. 709 (A.B. 9), § 1, eff. Jan. 1, 2020 (amending the statute of limitations to file a complaint with the DFEH from 1 year to 3 years); *Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 840 ("Generally, statutes operate prospectively only"); *Singer Co. v. City of Kings*, 46 Cal.App.3d 852, 866 (1975) ("Unless the statute expressly provides to the contrary, any enlargement of a limitation period applies only to matters pending, but not already barred"). The Legislative Digest to A.B. 9 contains no such representation.

Therefore, to assert a FEHA claim based on any unlawful conduct that occurred before January 1, 2020, Plaintiff was required to have filed an administrative complaint with the CRD no later than January 1, 2021. The TAC does not allege that Plaintiff did so. It only attaches a CRD right to sue letter dated November 29, 2023. (TAC, Ex. A.)

The TAC does not plead facts showing conduct *motivated by discriminatory animus* after January 1, 2020. The TAC is devoid of allegations showing that Plaintiff's race, religion or disability was explicitly or implicitly a factor in any Defendants' conduct. The TAC's timeline states only that during a meeting in

---

[4] Prior to July 1, 2022, the CRD was known as the Department of Fair Employment and Housing or DFEH.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12679833.2 CH020-113

January 2020, Plaintiff mentioned prior instances on which Ament accused him of being dishonest. (TAC at 8.) The only such instances the TAC identifies occurred in December 2015, February and July 2016, and January 2017. (*Id.* at 6-7.) Plaintiff was also allegedly required to attend a meeting in 2021 after Ament caught him not working, but the TAC does not allege that the meeting had anything to do with his race, religion or disability or that he was disciplined based on the incident. (TAC ¶ 41.) The remaining allegations of events occurring after 2020 do not plead facts demonstrating unlawful discrimination. (*Id.* ¶¶ 42-54.)

In short, Plaintiff failed to file a CRD complaint within one year of any potentially actionable discrimination. Therefore, the Third Claim for Relief is untimely.

### E.    THE FOURTH CLAIM FOR RELIEF FAILS

The Fourth Claim for Relief is for retaliation in violation of the FEHA. (TAC at 33.) To establish a *prima facie* case of retaliation under the FEHA, a plaintiff must show that (1) the plaintiff engaged in protected activity; (2) the plaintiff suffered an adverse employment action; (3) the adverse employment action was substantially motivated by her protected activity; and (4) that the adverse employment action was a substantial factor in causing harm to the plaintiff. (CACI 2505; Gov. Code §12940(h).) The claim fails for at least three reasons.

First, as discussed in Section IV.D, *supra*, the TAC does not plead specific facts describing the alleged protected speech on which the claim is based. It does not identify The TAC's vague references to Plaintiff's complaints are inadequate to state a retaliation claim.

This claim is also untimely because the TAC does not plead facts showing unlawful retaliation that occurred on or after January 1, 2020. The TAC references meetings and investigations in 2021 through 2023 regarding Plaintiff's work performance and improper conduct toward Ms. Brock. But it does not plead facts

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12679833.2 CH020-113

showing that they occurred *in retaliation for* Plaintiff's purported but unspecified protected activity.

The claim also violates Rule 8(a)(2). The claim states that it is for retaliation, but repeatedly references "harassment" that Plaintiff suffered, quotes the elements of a FEHA harassment claim, and asserts that the TAC satisfies the elements of a harassment claim. (SAC ¶¶ 64-65; *compare id.* ¶ 71 (identical allegation in subsequent harassment claim.)) It is therefore unclear whether the Fourth Claim for Relief is actually a harassment claim mislabeled as a claim for retaliation, or if it is a retaliation claim that gratuitously claims to assert a claim for harassment. This needless lack of clarity deprives Defendants of the fair notice Rule 8(a)(2) requires.

The Court dismissed the Fourth Claim with leave to amend on this very basis. (*See* Order at 5-6 (dismissing claim due to repeated references to harassment.)) The Court should now dismiss the claim without leave to amend.

## F.    THE SIXTH CLAIM FOR RELIEF FAILS

### 1.    <u>The TAC Fails to Cure the Defect in the October 31 Order</u>

The Sixth Claim for Relief asserts a claim for "religious discrimination/retaliation" in violation of the FEHA. (TAC at 41.) The Court dismissed the Sixth Claim because it violated Rule 8(a)(2). "In his sixth claim, Martinez brings a "Religious Discrimination/Retaliation" claim under FEHA, even though religious discrimination and retaliation are two distinct causes of action arising under two different statutory provisions with different elements of proof. [SAC at 39]. Cal. Gov. Code § 12940(a); Cal. Gov. Code § 12940(h)." (Order at 6.) The Sixth Claim in the TAC still asserts a claim for "Religious Discrimination/Retaliation" against the District. (TAC at 41:7-9.) Plaintiff's refusal to cure this defect justifies a dismissal without leave to amend.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

2

### 2.  The Sixth Claim Asserts an Invalid Claim for "Religious Retaliation"

The Sixth Claim purports to assert a claim for "religious retaliation," but no such claim exists under the FEHA. Government Code § 12940(h) prohibits retaliation against "any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." But it does not authorize a claim for retaliation against a religion or a religious belief or practice. The Sixth Claim for Relief thus either asserts a non-existent claim or fails to disclose the actual basis of the claim in violation of Rule 8(a)(2).

### 3.  The TAC Does Not Plead Facts Showing Discrimination (or Retaliation) on The Basis of Religion

Whether styled as a claim for discrimination, retaliation, or both, the Sixth Claim fails because the TAC does not plead facts identifying any particular conduct by Defendants motivated by animus toward his religion. The only purported "bona fide religious belief" identified in the TAC relates to the COVID vaccine. (*Id*. ¶ 21.) But the TAC does not allege the District forced him to become vaccinated. The TAC states that Plaintiff "sought and requested a religious exemption" (*id*. ¶ 44), but it does not disclose the District policy for which he allegedly sought this exemption and, more important, *does not allege that his request was denied*. Nor does the TAC plead facts sufficient to establish a causal link between Plaintiff's religious beliefs and any adverse employment action.

### G.  THE SEVENTH CLAIM FOR RELIEF FAILS

The Seventh Claim in the SAC asserted a claim for "disability discrimination in violation of the Americans with Disabilities Act and the FEHA and California CRD" against the District. (TAC at 38.) The Court dismissed this claim because it purported to assert a claim under both the federal Americans with Disabilities Act

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

21

12679833.2 CH020-113

and the California FEHA. (Order at 7.) The Seventh Claim in the TAC removed the ADA from the caption of the claim but still alleges that the District violated both the ADA and the FEHA. (*See* TAC ¶¶ 78-79 (citing ADA statutes and case authority.)) Therefore, the Seventh Claim should be dismissed.

## H.   THE NINTH CLAIM FOR RELIEF FAILS

The Ninth Claim for Relief is for race discrimination in violation of the FEHA. (TAC at 44.) It fails for reasons explained above. (See Section IV.B, *supra*.) The TAC does not plead facts demonstrating that the District discriminated against Plaintiff on the basis of his race. Furthermore, because the TAC does not plead such conduct on or after January 1, 2020, the claim is time-barred.

## V.   <u>CONCLUSION</u>

Enough is enough. Plaintiff has had four opportunities to state valid claims but has been unable – and in some cases just unwilling – to do so. The Court should dismiss the First through Fourth, Sixth, Seventh, and Ninth Claims without leave to amend.

Dated:  December 5, 2024

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By:   */S/ Viddell Lee Heard*
Danny Y. Yoo
Viddell Lee Heard
Attorneys for Defendants
CHAFFEY COMMUNITY
COLLEGE, SUSAN HARDIE,
AISSA NASON, and TROY
AMENT

LIEBERT  CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

22

12679833.2 CH020-113

1

## **<u>CERTIFICATE OF COMPLIANCE</u>**

2

The undersigned, counsel of record for Defendants CHAFFEY

3

COMMUNITY COLLEGE, SUSAN HARDIE, AISSA NASON, and TROY

4

AMENT, certifies that this brief contains 5655 words, which complies with the

5

word limit of L.R. 11-6.1.

6

7

Dated:  December 5, 2024                          Respectfully submitted,

8

LIEBERT CASSIDY WHITMORE

9

10

By:   */S/ Viddell Lee Heard*

11

Danny Y. Yoo
Viddell Lee Heard

12

Attorneys for Defendants
CHAFFEY COMMUNITY

13

COLLEGE, SUSAN HARDIE,
AISSA NASON, and TROY

14

AMENT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
THIRD AMENDED COMPLAINT

12679833.2 CH020-113