Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California  92807
Office:       714.279.0485
Fax:          714.921.2856
Email:        dreddlaw@sbcglobal.net

Attorney for Plaintiff
**DANIEL MARTINEZ**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DANIEL MARTINEZ,

      Plaintiff,

  vs.

CHAFFEY COMMUNITY COLLEGE
SUSAN HARDIE, AISSA NASON,
TROY AMENT, and DOES 1 through 9,
Inclusive,

      Defendants.

Case No.: 5:23-cv-02441-SSS-SP

**PLAINTIFF DANIEL MARTINEZ'S THIRD AMENDED FEDERAL COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**DEMAND FOR JURY TRIAL**

Pursuant to Rules of Court, Rule 15(a) and the Federal Rules of Civil Procedure, §12(b)(6) relied on by the Defendants, Plaintiff, DANIEL MARTINEZ ("Plaintiff" or "Martinez"), hereby submits his Thirded Amended Federal Complaint against Defendants CHAFFEY COMMUNITY COLLEGE DISTRICT ("District"), TROY AMENT ("Ament"), SUSAN HARDIE ("Hardie") AISSA NASON ("Nason"), (collectively "Defendants").

## **NATURE OF CASE**

1.  This is a civil action seeking damages and equitable relief against these

Defendants, and each of them, for committing *continuing* constitutional violations of

unlawful acts against Plaintiff and for depriving Plaintiff of his rights, *inter alia,*

secured by 42 U.S.C.§ 1983 for protected expressions and speech/equal protection/

and freedom of religion; by the Civil Rights Act of 1866, 42 U.S.C. § 1981; by the

Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 et seq.), for retaliation;

and the related California Fair Employment and Housing Act ("FEHA") claims.

2.  The California Fair Employment & Housing Act (hereafter "FEHA") was

specifically ratified by the Legislature of this state to protect employees like Plaintiff

against abusive and discriminatory employers and their supervisors.  As a result of

the continuous humiliation and embarrassment, Plaintiff has lost his self-esteem

clearly associated with this ongoing treatment, harassment, and bullying by the

Defendants.  Defendants interfered with Plaintiff's job responsibilities and

assignments, and duties as a janitor in the Maintenance & Operations Department

(hereafter "M&O") at District. Plaintiff was continuously suspended (for long

periods of time), sent home (for no reason at all), taken from his job duties, and

continuously received negative write ups because he repeatedly made complaints

about asking for assistance about his hearing disability, about his mistreatment

unlike any other nonMexican or Hispanic employees in M&O, about his religious

exemption from Defendant District's COVID-19 Policy, about his need to have

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

accommodations medically recommended for his physical disability of severe

hearing impairment since infancy to Hardie, Ament, and Nason as his supervisors.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1391.  This action is authorized and instituted pursuant to 20 U.S.C.

1706 requiring the appropriate United States District Court to exercise jurisdiction.

42 U.S.C. § 1981, Civil Rights Act of 1991, as amended, states that employment

discrimination and retaliation cases may be filed in the United States District Court.

This action further includes the federal Section 504 of the Rehabilitation Act of

1973, as amended.  Defendant District is the recipient of federal funds.  Intimidation

and retaliation are prohibited because Plaintiff sought his rights under section 504.

This Court also has pendent jurisdiction over Plaintiff's state claims, both

administrative and common law, because they arise out of the same nucleus of

common facts on which Plaintiff's federal discrimination claims are based.

Pursuant to 28 U.S.C. § 1367(s), federal courts have the discretion to adjudicate

state-law claims that are transactionally related to the federal claims.

4.  Plaintiff has suffered and continues to suffer actual injuries as a result of the

intentional, malicious, and unlawful conduct on the part of the above-named

Defendants.  The injuries can be traced to the challenged action and conduct in this

matter.  Plaintiff Daniel Martinez has a personal stake in the outcome of this action

and hereby joins his request for recovery pursuant to 42 U.S.C. § 1981.  Martinez

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

filed also under the California Fair Employment and Housing Act ("FEHA") and

has received his California Civil Rights Department ("CRA") right-to-sue notices,

which are attached as Exhibits "A" Case No. 202107-14054101, "B" Case

No.202301-193622211, and "C" Case 202301-19362211.  The CRD cross-filed with

the Equal Employment Opportunity Commission ("EEOC").  Plaintiff received a

right-to sue notice dated November 29, 2022, which contained the EEOC case

number, 37A-2022-00563-C because the CRD cross-filed with the EEOC and is a

part of and attached as Exhibit "A."    Martinez filed with the CRD on May 24,

2024, and received the right-to-sue notice, Exhibit "D."

    5.  Plaintiff resides within the jurisdiction of the United States District Court

in and for the Central District of California.in the City of Upland, California.

    6.  District, a public entity, is doing business within the jurisdiction of the United

States District Court/Central District in Rancho Cucamonga.

//

//

//

//

//

//

//

//

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

1

2

## <u>OVERVIEW OF THE KEY AND RELEVANT</u>

## <u>FACTS AS WELL AS BACKGROUND FACTS</u>

3

4    7.  On August 11, 2008, District hired Martinez, now a 38-year old

5    Latino/Hispanic male, as a janitor in its Maintenance and Operations ("M&O")

6    Department.  At that time Bruce Cook ("Cook") was the Director of M&O, and

7    Frank Juarez ("Juarez") was Martinez's immediate supervisor.  When having

8    meetings with the employees within M&O, the employees there refer to the Facility

9    Maintenance Attendant ("FMA") as the "meeting."  It was Cook who recommended

10    hiring Martinez.  Martinez worked at District for 16 years.

11    8.  District plus Cook and Juarez, Martinez's then supervisors, beginning in

12    August 2008, were aware then and continued to be aware that Martinez has long

13    standing **bilateral hearing loss and has had the same since childhood**, according

14    to Martinez's healthcare provider, Kaiser Permanente of Southern California

15    ("Kaiser").   Under the supervision of Cook and Juarez, Martinez's accommodations

16    of using hearing-assisted technology and other accommodations were accepted and

17    there were no problems associated with Martinez being "insubordinate" because he

18    could not hear and, therefore, was unaware of any orders or directives.  District,

19    Cook, and Juarez were aware of Martinez's disability and accommodated him by

20    permitting him to use the necessary assisted-hearing devices and technology he

21    needed through the years.  Martinez did his work well and consistently received the

22    highest possible evaluation, i.e. a "Satisfactory."  From 2008 to 2013, there were no

problems with Martinez performing his assigned work and getting along with fellow M&O employees, plus students, teachers, or other supervisors, and administrators. While there may have been problems at the beginning of his employment relating to his hearing disability, District and Martinez overcame the problems associated with his disability.

9.  Subsequently, beginning in 2013 Defendant Ament, a White male and who was just laid off from the City of Montclair in its Fire Department, became the Director of M&O and Martinez's supervisor.  Now, at all times relevant, Aissa F. Nason ("Nason"), a White female, also became Martinez's *immediate* supervisor in M&O.  When Martinez informed Ament and Nason of his disability and his ongoing disability needs since being hired at District for accommodations resulting thereof, Martinez began to experience false accusations and major changes in his working conditions, being changed from zone to zone, to more difficult buildings or his duties taken away.  There was the recommendation even to dismiss Martinez from his employment based on HIS complaints to Hardie in Human Resources ("HR") about the failure to accommodate him and false allegations against him:

9/2014:         --accused of not following directives because Martinez could not did not hear the directives by Ament and Nason

11/2024:        --accused of failing to perform job duties and placed in Martinez's personnel file

12/2014:        --accused of failing to follow work instructions by Nason

6

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

| 12/2015: | --accused with allegations from Ament and Lisa Bailey, a White female and the Associate Superintendent of Business Services, that Martinez, while on break, was asleep in the dugout in the Skills Lab or watching television just because he was looking down at his phone even though he was not sleep and was not looking at television. Martinez was accused of being dishonest with Ament and Nason. Ament called Martinez a liar and that the District was trying to terminate him. |
| 01/2016: | --received letter regarding the administrative investigation of the event of 12/2016 which was disciplinary and placed in Martinez's personnel file |
| 02/2016: | --placed in Martinez's file is the Investigation Report by the Titan Group hired by District and Hardie |
| 2/2016: | --accused of dishonesty for sleeping on the job when Martinez did not and he received 15 days without pay |
| 6/2016: | --left messages for Ament and Nason at 2:38 a.m. in the morning of June22 because of illness but was accused of not contacting Ament or Nason even though messages were left and he talked to Nason |
| 7/2016 | A Skelly Hearing took place in order to terminate Martinez for Being dishonest about his disability. |

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

8/2016:          --received Notice of Intent To Dismiss which was placed in the personnel file

10/2016:         --placed on administrative leave for failure to follow instructions even though he could not hear the instructions

1/2017:          --arbitration set to determine Martinez's dishonesty and recommended discipline

4/2017:          --received Notice of Disciplinary action—Fifteen Day Suspension

4/2017:          --did a radio check to make sure that *everyone* could hear in maintenance could hear the instructions whether or not they were hearing impaired, and Martinez could not hear the test by Nason and told her which made no difference

5//2017:         --given District Assigned Cellular Phone because of history of hearing impairment

7/2017:          received a letter regarding alleged absence with deductions because of personal use of cell phone

8/2018:          Martinez on Workers' Compensation and the Family Medical Leave Act (as the result of the birth of his daughter)

8/2019:          --was in restroom and heard someone trying to open the restroom door.  When Martinez finished using the restroom, he opened the door and saw Ament was trying to get in.  He said

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

absolutely nothing to Martinez. Amant went inside the restroom and, one second later, came out and left.

1/2020:    --attended FMA meeting—During this meeting Martinez talked about his hearing loss and that Martinez still have staff trying to reach him via a hand-held radio and Ament accusing Martinez Martinez of lying and being dishonest

5/2020:    --received @11:12 a.m. an email from Ament to Nasson saying Martinez is still not wearing a mask

5/2020:    --received @1:02 a.m. email from Nason to Martinez saying Martinez had to wear his mask if anyone enters his zone

6/2020:    --received email from Ament, Health Concerns, Wear Masks

8/2021:    held Staff Meeting organized by Ament and Nason.  All FMA staff were there with masks on and spaced out for social distancing.  During the meeting, the Chief of Police was there doing a presentation.  She came to Martinez to ask him a question.  Martinez let her know that he was not able to understand her with her mask on.  The Chief kindly removed the mask.  Once the Chief was done with her presentation, Ament and Nassan continued the meeting with their masks on. Martinez went over to the Chief where she was sitting and thanked her for removing Martinez's mask so that he could hear.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

8/2021:          --sent an email to Hardie because Martinez wanted the email

placed in his personnel file because Hardie along with Ament

and Nason disregarded his disability and the need for

accommodations, in the work environment and with

specific devices.  The discipline was experiencing was

*directly* related to his disability and need for accommodations.

Even though Hardie should have been aware of the policy of this

State for individuals who are hearing impaired. Martinez sent

Sent the following excerpts from the California Department of

Public Health which was updated in 2021:

<u>"Masking Requirements</u>

Exceptions to masks requirements

The following individuals are exempt from wearing masks at

all times:

● "Persons who are hearing impaired, or communicating

with a person who is hearing impaired, where the ability

to see the mouth is essential for communication."

10/2021:         --submitted religious Exemption Request.

10/2022:         --email sent campuswide regarding the vaccine mandate in place

and all students and staff must show proof of vaccination

10/2022:         --asked defendant Hardie about when she was going to

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

investigate his [Martinez's] complaints and allegations

As he was investigated for the allegations of other

11/2022:        --retaliation against Candace Brock, an employee who falsely

accused Martinez of sexually harassing her—Martinez told

colleagues about the allegations and denied ever doing such an

act.  He was embarrassed and did not want anyone t District to

think he was capable of such an act.

10.   First, on the lists from Ament and Nason was to deny Martinez the use of

his hearing-assisted technology and/or to have it set as his medical providers

recommended.  Martinez could not hear when Ament was calling him over the loud

speaker or radio or simply speaking loudly to give instructions and directions to the

crew that worked out of M&O.  Martinez could not hear at all when these methods

were used.  As a result, Martinez began receiving multiple reprimands which were

placed in his personnel file which could lead to termination.  At no time in all the

reprimands or even the so-called investigative reports from so-called independent

investigators was the fact that he was disabled and needed hearing-assisted

technology mentioned or even considered or identified.

11.  All of Martinez's Performance Evaluations were classified as "Satisfactory,"

 the highest possible rating pursuant to Article VII of the collective bargaining

agreement between the Classified School Employees Association ("CSEA") and

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

District from when he was hired in 2008, which meant his job performance was from "average to excellent" except in the 2014-2016 evaluation and school years with Ament and Nason became his supervisors.  On a continuous basis, District and its agents failed to take into account that (1) Martinez did not have the necessary technology or devices which would insure he would know when he was being spoken to by his supervisors Ament and Nason, (2) Ament and Nason did not consider Martinez's qualified disability pursuant to the Americans with Disability Act which is used by the State of California and the federal government, (3) Martinez filed had to file complaints about being discriminated against and not receiving necessary accommodations which  were not considered but were called Martinez's mere excuses and complaints of dishonesty by Ament and Nason. For example, on November 20, 2014, Martinez wrote to Nason:

> "We had previously discussed the incident that occurred on
>
> September 24th, 2014 and I informed you at that time that
>
> I did not hear you when you gave the set up work assignment.
>
> I do apologize for not hearing you but I do have hearing loss
>
> in both ears.  I NEVER said I forgot.  When we discussed it
>
> at that time you never said that it would be written warning in
>
> fact you stated that it would be verbal because we discussed it
>
> thoroughly and resolved it at that time.  Also, if the incident
>
> occurred on September 24, 2104 (sic), why am I just receiving

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

this written notice on November 13th, which is almost two months

after the fact, and you plan to put it in my file. . . . I have always

been more than willing to 'perform related duties as required' when

it comes to set up or any other duties that you have asked me to

do.  I plan to do the job that I was hired to do and any other jobs

that you require of me.  I want to be treated fairly and with

respect so I would like to thank you for this opportunity to

explain the situation that occurred.  I would like this rebuttal to

be put in my [personnel] file."


On a continuous basis, the Defendants began to engage in "papering" Martinez's file

and used Martinez's complaints regarding his limited hearing capacity and his

having continuously to complain about not hearing any instructions against him.

Martinez was and is disabled because of the loss of hearing in both ears. He was

continuously referred to as insubordinate because of his disability at first and then,

subsequently, because of his religion.

12.  Continuing with the verbal harassment, on January 12, 2016, Hardie

informed Martinez that an administrative investigation "is currently being conducted

regarding the incident occurred on Monday, December 7, 2015, in a Facility

Maintenance Attendant closet assigned to you, as well as other incidents which have

recently occurred on campus.

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

13.  On June 27, 2016, the Defendants made the decision they now had enough to terminate Martinez because Lisa Bailey ("Bailey"), a White female and the Associate Superintendent, was participating with other administers when she purportedly opened the utility doors to the supply room and claimed she saw Martinez sitting in a dark room, talking on what appeared to be a cell phone.  Ament entered and stated he asked Martinez to hang up the phone several times (again even though Ament knew Martinez could not hear what he was saying unless Ament caught his attention.)  Ament told Martiniz to leave because Ament did not see what work was being done in that room.  Because of this incident, District had a so-called independent investigation which was hired and paid by District.  Ament informed Martinez that Ament was going to recommend that Martinez be "terminated from [his] employment with District.  Ament claim Martinize was "too dishonest" to keep working for District.  Martinize was *continuously* accused of the following:

- Dishonesty
- Conduct unbecoming any employee in public service
- Violation of District's Code of Ethics

Martinez was suspended even though he had done nothing wrong except to be disabled with the loss of his hearing.

14. Kaiser Permanente ("Kaiser"), Martinez's medical facility. made it clear the bilateral hearing loss is congenital, with a duration of Martinez's lifetime, and commenced at birth. Despite these facts, according to Kaiser, Martinez is able to

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

perform essential functions of the employee's position with the appropriate accommodation. Martinez requested a particular phone for the hearing impaired so that he would know when his supervisors are attempting to communicate with him and/or other employees because of the lights and other technology recommended by Kaiser.

15. Although Martinez is a qualified disabled employee and sought the special phone, for example, so there would be no question about Ament's or Nason's instructions or directives to him which had become a problem, he was basically denied and/or ignored and called "dishonest" and "insubordinate" by Hardie, Ament, and Nason.  Employers are required to provide reasonable accommodation to an employee with a disability.  A reasonable accommodation for Martinez or any other qualified disabled employee would assist the employee with the disability to perform the duties of his or her job and enjoy the benefits and privileges of employment without causing any financial hardship to the employer. A qualified disabled employee is one who has a physical or mental condition that substantially limits a *major* life activity like walking, seeing, ***hearing,*** speaking, breathing, or learning. ADA §§! et seq. 42 §§ USCS 12101, et seq.  Knowing of this requirement for the employer and the policy of District, Hardie ignored this accommodation which was not a part of her personnel decisions.

16.  In the October 04, 2016, in Kaiser's visit summary, Martinez was given further instructions from Kaiser to increase his ability to communicate as a result of

having medicine or surgery that will correct sensorineural hearing loss, i.e. hearing loss of the inner ear. The following further recommendations were given to Martinez so that good communication techniques could, indeed, take place in District's work environment and other environments for Martinez. However, Martinez would need the cooperation of the Defendants, especially his supervisors like Ament and Nason, for example:

(a) One must get Martinez's attention *first* before speaking to him. This protocol would take place so Martinez can turn and face the individuals and focus on what they are saying; otherwise, he would not hear them.

(b) The focus had to also be on the person's face to whom Martinez is talking.

(c) Martinez was also cautioned not to talk from room to room, from a distance, or with his back turned toward the other person.

(d) The quieter the environment the better because it is difficult to understand speech in the presence of background noise. The noisier the environment, the more difficult it will be for Martinez to understand the conversation or the directives from his supervisors.

(e) Finally, Martinez should use "assistive listening devices ("ALDS") like wireless FM systems which help with the communication skills of the deaf in many environments, like the workplace. Such devices would not be prohibitive or financially burdensome for District because District uses this technology of assistive listening devices in its courses for ~~the~~ deaf teachers

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

and students.  In a school environment, students have to purchase these devices on their own while the faculty and assistants do not.

17.  On August 22, 2016, instead of working with Martinez and having interactive meetings to address the issue of Martinez's life-long disability, the Defendants continued the "papering" of his personnel file with the intent of giving the false appearance of Martinez being dishonest, engaging in conduct unbecoming a public employee, and seeking to have Martinez terminated from his employment in the Notice of Recommended Dismissal to Governing Board.  In 2016, Martinez was referred to a Kaiser therapist for the first time because of the strain put on him emotionally which cause him to experience severe emotional trauma.

18. Less than a year later on April 03, 2017, Martinez received a Notice of Disciplinary Action-Fifteen (15) Day Suspension for the purpose, again, of papering his personnel file.  The agents for Ament and Nason made sure that other times when Martinez was threatened with suspension and termination which were referenced in the subsequent documents of reprimand:

--"On November 13, 2014, your supervisor issued you a meeting summary regarding your failure to report to particular location for a clean-up."

--On September 24, 2014, your supervisor issued you a meeting summary regarding failure to report to a particular location for a clean-up."

--"On August 20, 2013, your supervisor issued a conference summary regarding your repeated tardiness in reporting to work.  In it, your supervisor noted that you

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

had been tardy on multiple occasions and you were counseled on it in the past.

--On January 20, 2011, your supervisor issued you a memorandum regarding his concerns with your work performance.  Specifically, the concerns were about your failure to properly clean the areas that you were assigned to.

--On October 19, 2010, your supervisor issued you a memorandum regarding your excessive absenteeism.  It must be noted in these examples and numerous others, Martinez's disability was not discussed, and he was never asked if his disability played any role in any of the given examples.  As Kaiser informed District and Hardie, Martinez was more than capable of performing his job duties, and he did. Kaiser stated, for "better communication with Mr. Martinez, he needs technology that vibrates and/or flashes and/or rings very loudly to get his attention. . ." and to assure his supervisors he heard their directives.

19.  There is no question Martinez has a recognized hearing disability that has been known to District since he was hired to work at District in 2008.  Despite this fact, Ament and Nason did not care about why District's cell phone to a deaf person is not what one would normally consider to be the definitive accommodation for a deaf person.  In fact, Ament and Nason expressed openly at the FMA staff meetings that Martinez had been called numerous times on the handheld radio which he Martinez could not hear.  It took other co-workers informing Martinez that Ament claimed Martinez ignored his directives, did not follow instructions, and was just downright insubordinate and dishonest.  Martinez could not defend himself because

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

he could not hear what Ament and Nason were telling him to do.  No other employee was treated or had a recognized disability where the requests for the correct accommodations were denied, ignored, and used against him or her as a basis for termination.

20.     Continuing further, with regard to COVID-19 and the wearing of masks and getting shots, Martinez had these two issues which directly related to his hearing disability and his freedom to practice his religion.  If Ament and Nason spoke to him wearing a mask, Martinez could not understand them, and, as a result, he was accused, again, of not following directives and being insubordinate. Ergo, the reprimands, the papering of his personnel file, etc. continued and was pervasive creating an unbearable hostile environment.  No other employees who attended FMAs had life-long disabilities or religious restrictions.  Martinez was singled out. Thus, employees at FMAs and not in Martinez's disabled group received much lesser or absolutely no discipline for the same or similar offenses or even more grievous offenses.

21.     Reverend Manuel Saucedo, an ordained Pastor, of the Living Word of Chino Hill located at 15558 Avery Street, Chino Hills which is Pentecostal made it clear to District that Martinez's sincerely held a religious objection and his faith could not permit the vaccinations for the COVID-19 disease. Rev. Saucedo stated in his letter, generated in 2020 specifically for District so that Martinez would not be terminated because of his religion, stated the following in pertinent part:

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

"Regarding vaccines, they are under an 'emergency use authorization' by the FDA which places them in the category of a medical experiment. Aside from the fact that majority of vaccines, like flu and meningitis vaccines, are completely unreliable, they are also known to contain harmful substances that harm the body. Vaccines, particularly covid vaccines, are intrusive and unnecessary in the eyes of a Christian. As believers, we know that the body is the temple of the Holy Spirit and as such, should not be used for medical experimentation. We are called to protect the body and not to participate in *pharmacopeia.*

*Do you know that your bodies are a temple of the Holy spirit, who is in you, whom you received from God?" (1Cor. 6:19). . .*

Taking a vaccine is an affront to Daniel Martinez sincere held religious beliefs. I concur with and affirm his sincerely held religious beliefs and, therefore, attest that Daniel Martinez has the lawfully protected right to seek a religious exemption from activities that are offensive to [his] sincerely held taking a COVID vaccine is an afront to Daniel Martinez's sincerely held religious beliefs."

22.    The Defendants, and each of them, worked very hard to have

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

Martinez dismissed from his employment which was signified by the first "Needs Improvement" evaluation, he ever received, beginning in 2014 coupled with numerous written reprimands, threats, public embarrassment/humiliation, refusing to provide reasonable accommodations and refusing to have the federal and state required interactive meetings, etc.   The Defendants, and each of them, even placed Martinez on probation for two years where, unlike all other employees in the history of District's M&O, never had the experience of having to report to Ament and Nason, on a daily basis, sign in-and-out on a regular basis, get permission from *any* deviation from his work duties which also included restroom use.   Previously, such discretionary acts had been left to the individual's established FMA's discretion, and was still left to all other employees required to attend FMAs.

23.  Extremely extensive "investigations" about Martinez were initiated with other employees engaging in the process to testify against him which was extremely humiliating and degrading for Martinez.  Everyone knew about the confidential investigations of Martinez. On February 17, 2016, there was an investigation by the Titan Group regarding Lisa Bailey's ("Bailey's") false claim that Martinez was sleeping in a closet on December 7, 2015, where he was found to be dishonest and should be dismissed.  He had not been sleeping in the closet, but was putting away cleaning materials, tissues, and other materials.   Continuing with the hostile environment and harassment, on March 31, 2017, an administrative arbitration was

set up to decide whether or not Martinez would indeed be terminated. Again, he received a suspension instead of the termination.

24. Continuing with the harassment, on January 18, 2018, Nason did a radio check and asked if everyone could hear and understand because there had been a complete that one of you could not hear. Bentley, the employee in M&O, who radioed back by being sarcastic about Martinez said, "Yes, I can and so should everyone else.", again referring to Martinez. Now, because of the harassment from Hardie, Ament, and Nason, even Martinez's colleagues/coworkers were turning against him.

25. Continuing, on May 9, 2019, Martinez was on his way back to the AERO Department from picking up supplies from the yard when he was stopped by a student who needed directions about the campus. As Martinez was talking to the student, he noticed Ament driving by. The student continued to talk about the campus, but Martinez let him know he had to go back to work. All of a sudden Ament walked up with his camera phone, pointed it towards Martinez and the student without explanation. Ament asked if Martinez was on a break, and Martinez replied, "No." Martinez was feeling quite embarrassed at the time. Ament became visibly upset and told Martinez to meet him, forth with like a child in front of the student, in Nason's office. During this time, Ament contacted Nason again falsely to let her know "Martinez had been showing a student how to Box." All the employees who had a walkie talkie in M&O heard this stated which caused

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

22

Martinez great humiliation coupled with the embarrassment.

26. Once Martinez arrived at Nason's office, Ament was there and told Martinez Ament saw him boxing with the student and trying to teach the student to box. Martinez told Ament he was not boxing or teaching the student to box and asked Ament to please look in his camera phone at the pictures he took of Martinez and the student. Ament then said now he understood why he was getting so much email about Martinez's area because it had never been completed. Martinez asked to see the emails, and Ament refused. Prior to this day, May 9, 2019, Ament never told Martinez that Ament was getting multiple emails about how poorly Martinez was supposed to have done his work. Ament was enraged with Martinez to the point he sent Martinez home that day before the end of his shift. Martinez was instructed to show up for work the next day with his union representative. Continuing, Martinez received yet another reprimand.

27. On May 13, 2019, Ament surprisingly came to AERO at 1:10 p.m. to see what Martinez had been doing from 12:25-12:46. Martinez told him he was taking a break. Ament responded with "Oh, so you are taking a second break?" Martinez responded with "No, No I took my break from 12:25-12:40." Ament then told Martinez that he took his break at the wrong time to which Martinez responded with "I took a late break because I was finishing up one of my buildings before my break was due to start."

28. On June 3, 2019, Martinez was on the computer during his second break in

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

the breakroom at the M&O yard; and then, during his last 5 minutes or so, a maintenance worker walked in.  He immediately got on the phone and called Ament.  The worker explained to Ament that Martinez was now in the breakroom since the worker had been following Martinez during Martinez's break.  Ament was just waiting outside the breakroom, staring at Martinez but had nothing to say to Martinez as Martinez left the breakroom.  Continuing in the harassment, Ament continued to have Nason and other workers follow him.

29. On July 11, 2019, continuing with the harassment, Martinez was on a break from 7:20-7:35 a.m. but stayed in his truck in the softball parking lot facing north because M&O was decorating the breakroom.  Ament pulled up to the gas pump near Martinez but did not pump any gas into his vehicle.  Ament was there for approximately a minute while he stared at Martinez from the gas pump and then drove off without saying a word.

30. Again, on July 12, 2019, Martinez was in the Lithography ~~room~~ at 1:22 a.m. cleaning up when Ament walked through staring at Martinez for the purpose of on-going and continuing harassment of being bullied and stalked.  Absolutely none of the other workers in M&O were treated in this way by Ament or Nason.

31. On August 28, 2019, Martinez was in the restroom and heard someone Talking near the door.  When Martinez walked out, he saw Ament on his phone talking to Nason.  Martinez waited until he got off the phone in case he wanted to talk to him.  Ament got off the phone, stood and stared at Martinez, and then left.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

24

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

Ament never said a word to Martinez.

32. On September 26, 2019, Martinez took his break at the yard breakroom at 7:10 a.m. and was walking out at 7:25 a.m. when Martinez saw Ament questioning a worker by the name of "Dale." Ament's back was toward Martinez, so Ament did not at once notice that Martinez was there near him and could hear what Ament was saying. Ament was questioning "Dale" about the time Martinez took his break, was he late, did he leave early. When Ament realized that Martinez was behind him, Ament had the look of surprise when he realized Martinez had been there and heard Ament questioning "Dale." Ament had other employees/workers following Martinez, checking up on him, and reporting to Ament or Nason about practically everything Martinez did. No other similarly situated employee in M&0 was treated this way. However, on a continuous basis it occurred on a routine basis to Martinez.

33. On a regular basis, Ament too like Nason would call Martinez on the radio, but Martinez did not respond because **Martinez could not hear him**. **Why would his supervisors refuse to understand this fact which was accepted by his previous supervisors?** Ament then would ask if the radio was on. As usual, Bentley, as usual responded with "Loud and Clear." Because Martinez's fellow coworkers all heard the exchange and knew he was the only one who could not hear the radio caused Martinez great humiliation and embarrassment.

34. On March 17, 2020, District was shut down because of the pandemic.

35. At or around May 20, 2020, Nason sent an email to Martinez that was

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

copied to Ament regarding face masks.  In the email Nason stated, if Martinez working along in his zones, he did not have to wear a mask but the mask must be available if someone enters Martinez's zone.

36. On January 31, 2020, a FMA meeting was held.  At this meeting Martinez spoke about his hearing loss and that staff was still trying to reach him *via* hand-held radios. Martinez could not hear messages over the hand-held radios.  Martinez went on to say, because of the use of the hand-held radios, Ament was trying to accuse Martinez of insubordination and failing to do his assigned jobs.

37.  On February 11, 2020, Martinez received an email from Ament stating he wanted to schedule a meeting in HR to discuss Martinez's hearing disability accommodation and that he looked forward to meeting so that he could fully understand Martinez's hearing accommodation concerns. Ament scheduled the meeting for February 20, 2020.  However, Martinez did not see the email until after that date because he never had to utilize his work email for his daily duties. Martinez periodically check his email throughout the week.

38. On November 17, 2020, Hardie sent out an email regarding Face Mask Guidance from the California Department of Public Health because of COVID-19 to the campus.  It stated that the wearing of a mask was mandatory.  Martinez was told he was expected to wear the mask despite all his hearing disability which also affected his speech.

39.  In June 2021 Ament got on the radio and radioed Nason stating that Martinez

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

26

left his cart in a backup position and the cart was "buzzing."  Ament he told Nason to document the incident, knowing that Martinez could not hear.  All of the staff with radios heard was Ament said to Nason which cause Martinez much humiliation and embarrassment when he was told what happened.

40.  On July 01, 2021, Nason sent Martinez a Zone Change Notification which changed Martinez's assigned zones, areas on campus.  On August 5, 2021, Martinez responded to Hardie with the following:

"As you are aware, due to my hearing impairment, I want to place my mask accommodation on file with Human Resources.  Per the California Department of Public Health, I am always exempted from wearing a mask.  This exemption also states, '. . .when someone is communicating with a person who is hearing impaired, where the ability to see the mouth is essential for communication."

It did not make any difference because Hardie, Ament, and Nason still continued their attempt to get Martinez terminated and now used his failure to wear a mask, and ignoring California's policy regarding wearing mask along with all of the other complaints they had against Martinez.    On this same day, Ament sent Martinez home.  *These acts were not discrete acts but continuing acts against Martinez's hearing impairment, his most vulnerable characteristic in the group of disable employees.*

41. A meeting was scheduled for the incident which caused Martinez to be

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

sent home, again. Present at the meeting were Hardie, Ament, a Union Representative, and Martinez. Hardie asked what happened that day on July 01, 2021. Martinez explained he was on a break, and then Nasson walked in and told him to get to her office. When Martinez arrived at Nason's office, Ament was there waiting for Ament. Ament told Martinez to hand in his phone, he had received from District, and key and to get off campus and not to return until Martinez is told to do so. Hardie went on further to ask Martinez if he was told why he was being sent home. Martinez said "no." Martinez did not understand what he had done to cause him to be forced off the campus and sent home. Hardie then asked Ament and Nason if what Martinez said was true. Ament and Nason answered "yes," as if they did not have to explain anything to Martinez. No other employees in M&O were treated in this humiliating, degrading way. Martinez went on to explain and inform Hardie that the District phone was not LOUD enough, as recommended by Kaiser, and the vibration was not strong enough, also as recommended by Kaiser. Martinez explained further to Hardie, who was supposed to be the one from Human Resources responsible for interactive meetings, he operated it as best he could. District and Hardie at no time actually met with Martinez to insure that the phone was working properly, based upon Kaiser's recommendation, when it gave Martinez the specially made phone for ~~the~~ his hearing impairment.

42. On August 05, 2021, Martinez, sent an email to Hardie regarding his hearing disability which was listed in the Face Mask Guidance from the California

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

Department of Public Health and what he needed in order to enforce his rights.

43.    On August 09, 2021, Hardie, sent Martinez a form from HR regarding A Physician Certification of Disability.

44.  The form was completed on September 09, 2021, his physician, David D. Proum, MD, certifying Martinez's hearing disability and discussing limitations and forms of accommodation. Martinez then sought and requested an exemption for religion.

45. Because of the continuing harm leveled against Martinez and having the desire to want to end this pervasive, abusive, and continuing harm, Martinez filed a complaint with the California Civil Rights Department ("CRD") on September 14, 2021.

46. A Zoom meeting was held with Hardie, Nason, and Monica Han, the President of CSEA 241, on December 07, 2021 regarding the face mask accommodation.  There was no discussion at any point regarding the use of a special phone.  Martinez was given the phone at the COVID-19 meeting regarding the face mask without any instruction on how to use it and to make sure he was aware of how to use it.

47. On October 28, 2021, District returned the forms which gave District Notice that Martinez filed a complaint with the California Department of Fair Employment and Housing ("DFEH").  Camille Smith ("Smith") of the California Civil Rights Department ("CRD") informed Martinez that District denied all of the

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

allegations and placed the responsibility on Martinez.  Martinez attempted to explain that there were so many additional acts of discrimination, harassment, retaliation, stalking, and bullying that constantly took place, almost on a daily basis. Eventually, Martinez asked that Smith speak to Han, the CSEA Past President at this time, who was fully aware of the circumstances and had attended meetings with Martinez to address some of the issues.

48. During this time, Ament got on the radio to let Nason know Martinez was being sent to her office after even other investigations, on April 27, 2023, the Defendants were able to get another employee, Candice Brock, who filed complaints against another employee because of her so-called fear of being physically harmed and having to come in at different work times in order to avoid physical harm from this other employee.  DPMC, hired by District, did the so-called Confidential Investigation Report.  Candice Brock ("Brock") was the complainant against Martinez, claiming among other things, that he grabbed Brock from behind and that he told Brock he "needed a companion."  Brock, an employee in her late 60s to late 70s also states that experience was not the only experience which "made her feel uncomfortable" regarding Martinez.  She claimed to fear Martinez because he was so unusual.  The key so-called incident, according to Brock, occurred on February 22, 2022.

49. Martinez was notified there would be an investigation on October 24, 2022.

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

1    50. Brock filed her complaint against Martinez on November 22, 2022.

2    51. On November 28, 2022, the investigator interviewed Martinez.  As with

everyone else, it was clear to Martinez the investigator already had the way the so-

called investigative report would conclude.  To the investigator, everything Martinez

said was questioned.  To the investigator, although the investigator was not a

witness to anything, Martinez sexually harassed Brock.

52. Humiliating and embarrassing Martinez yet again, multiple employees

were interviewed from November 18, 2022, to January 25, 2023, and informed

about Martinez and the accusations levelled against him.  On June 21, 2023,

Martinez was informed District was not considering the sexual harassment claim

against him by Brock.  Conversely, because there was no proof of the sexual

harassment, the charge to lead to his termination is retaliation against Brock.  At no

time did the Defendants, District, Hardie, Ament, Nasson investigate *any* Martinez's

complaints.  Those who engaged in discrimination against Martinez were *never*

questioned or disciplined for conduct in violation of District's policies against

discrimination based on race/ethnicity/nationality or harassment.

53. On or about May 16, 2024, counsel, Ryan Church, for District informed

Martinez through his counsel that District was going to proceed with Martinez's

termination.  Instead, now the Defendants were claiming Martinez was retaliating

against Brock because she filed an internal complaint for sexual harassment against

Martinez.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

54. After being on administrative leave in 2023, on May 23, 2024, Martinez was informed he would be receiving the Recommendation to the Governing Board of District that he will be terminated.

## STATEMENT OF A FEDERAL CLAIM

## FIRST CLAIM FOR RELIEF

(Violation of the Civil Rights Act of 1866

[As Amended, 42 U.S.C. § 1981] for Race/National Origin

Discrimination Against Ament, Hardie, and Nason)

55. The allegations and attachments set forth in **paragraphs 1 through 54, inclusive, are incorporated into this claim for relief by reference** as if set forth in full.  Plaintiff found himself being subjected to adverse employment actions by Ament and Nason because he is Latino on a continuing basis.  No other White or non-Latino was treated in this way when he or she had a recognized disability by the administration in Maintenance and Operations except for Martinez.  White and non-Latino employees were provided with reasonable accommodations.

56.  Section 1981 provides that "All persons within the jurisdiction of the United States" must be afforded the same rights and the full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens regardless of race.  Section 1981 covers discrimination not only in the formation of a contract but also during the duration and life of the contract.

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

57.    Plaintiff was discriminated retaliated against, with constant written reprimands, threatened with termination, suspended, "demoted," denied his civil rights, **and then actually terminated** in violation of the laws of the United States because he is a Latino.  No other White or non-Latino employee was treated in this manner as Martinez.  (1) Martinez is a member of a protected class because he is Latino/Hispanic and non-White. (2) He was and is qualified and was determined to be qualified with an over all Satisfactory on his last evaluation.  (3) He experienced several instances of adverse employment actions from a series of written reprimands that were placed in this personnel file, had zone and buildings changed to make his work much more difficult than the White employees, put on disciplinary administrative leaves for alleged disability because he was non-White. (4) **He was terminated spring quarter in 2024.** (4) These circumstances give rise to the inference of discrimination.  But-for Martinez's being a non-White, Latino/Hispanic, he would not have suffered and been treated in this manner. Sections 1981 prohibits discrimination based on race/national origin.  The reasons offered by the Individual Defendants were not true reasons, but were a pretext for discrimination, with accusations of Martinez being dishonest and just lying about hs hearing disability.   Even "summary judgment is not appropriate if, based on the evidence in the record, a reasonable jury could conclude by a preponderance of the evidence that the defendant undertook the challenged employment action because of plaintiff's race."

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

*DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n* 879 F.2d459, 467 (9th Cir. 1989).

WHEREFORE, Martinez requests relief as set forth below against District.

## STATEMENT OF A FEDERAL CLAIM

## SECOND CLAIM FOR RELIEF

(Violation of the Federal 42 U.S.C. § 1983

for Protected Speech, Equal Protection,

Against the Individual Defendants)

58.  The allegations and attachments set forth above in **paragraphs 1 through 57, inclusive, are incorporated into this claim** for relief by reference as if set forth in full.  Martinez's constitutional rights were violated when he complained verbally and in writing to the administration and his supervisors about the repetitive adverse actions against him which were taken by his immediate supervisors just because he complained that (1) he could not hear the instructions given to employees in Maintenance and Operations and (2) even after he complained he did not hear the instructions for which he was harshly disciplined leading up to **termination**. Martinez believed he could complain, not only because of his constitutional rights but also the rights established by the laws of California and the United States for disabled persons and minority persons of color.

59. Even the right of access to the courts is subsumed under the First Amendment right to petition for redress of grievances.  *Soranno's Gasco, Inc. v. Morgan,* 874

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

F.2d 1310 (9th Cir. 1989).  Martinez had the right to file complaints with his supervisors and District, then with the Department of Fair Employment and Housing, and subsequently in this Court because of the violation of his protected constitutional rights.

"Evey person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction of thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .".  42 U.S.C 1983. Plaintiff has sufficiently alleged that District, Ament, and Nason personally participated in the constitutional violations.  A  person "subjects" another to the deprivation of a constitutional right if they undertake in an affirmative act, participate in another's affirmative act, or omit to perform an act which they are legally required to do that causes the deprivation of which complaint is made. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

WHEREFORE, Plaintiff demands judgment against Defendant District.

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

## STATEMENT OF STATE CLAIM

## THIRD CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

Failure To Prevent Discrimination in Employment

Against District)

60. The allegations and attachments set forth above in **paragraphs 1 through 59, inclusive, are incorporated into this claim** for relief by reference as if set forth in full.

61. Plaintiff has established that discrimination occurred, and that District failed to prevent discrimination from occurring.  District did not take *any steps* whatsoever to insure the so-called accommodations recommended by Hardie, Ament, and Nason were sufficient and appropriate to meet Martinez's need to address his hearing loss. An interactive meeting was denied. The Defendants merely forced different objects on Martinez, like the cell phone, for example that was not helpful for a disabled employee with hearing loss. Because Martinez continued to complain, Ament and Nason had notice what they gave Martinez did not work and/or assist him with his disability and the work in Maintenance & Operation he had performed successfully under other supervisors. District did not take *any steps* whatsoever to insure the so-called accommodations from Ament and Nason was sufficient and appropriate to meet Martinez's need to address his hearing loss.  The Defendants merely forcing objects on Martinez, like the cell phone, for example.  Because Martinez continued

36

to complain, District, Ament and Nason had notice the objects given to Martinez did not work and/or assist him with his disability and the work he had to perform in Maintenance & Operation even though he performed successfully under other supervisors who monitored the use of the devises to insure they continued to work or had to be changed.  (Please see paragraphs #8 through #13.).

"Under the first test for disability as defined by the Americans With Disabilities Act (ADA §§ 1 et seq. [42 USCS §§ 12101 et seq.].  . . . The "physical or mental impairment" includes, but is not limited to, such contagious and noncontagious diseases and conditions as:  . . .orthopedic, visual, speech, and hearing impairment. . . Appx A to 28 CFR § 35, 104, Appx B to 28 CFR §36.104.

62.  District did not take all reasonable steps to prevent the discrimination from occurring.  Under FEHA, it is unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace.  Cal. Gov't Code § 12940(k).  To prevail on a theory of failure to prevent discrimination or harassment, it must be shown 1) plaintiff was subjected to discrimination, harassment, or retaliation; 2) defendant failed to take all or any reasonable steps to prevent discrimination, harassment, or retaliation; and 3) this failure caused plaintiff to suffer injury, damage, loss or harm."  And, so it is here. Plaintiff was ultimately terminated for being dishonest and untruthful about having any disability.  However, District failed to get an "assistive listening device as an accommodation, failed to acknowledge that it already determined when Martinez

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

was hired that he had a recognized disability, failed to determine whether or not Martinez engaged in insubordination, failed to acknowledge his right to engage in his religion while at work as all other non-Latinos had the opportunity to do, etc.

WHEREFORE, Plaintiff demands judgment against all Defendants.

## **STATEMENT OF STATE CLAIM**

## **FOURTH CLAIM FOR RELIEF**

(Retaliation Pursuant to FEHA

Against District)

63. The allegations and attachments set forth above **in paragraphs 1 through 62, inclusive, are incorporated into this claim** for relief by reference as if set forth in full.

64. Under Gov. Code §12940(h) of the Fair Employment and Housing Act, an employer may not discriminate against any person because "the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." (1) Plaintiff repeatedly engaged in the protected activities of requesting correct accommodations, complaining about false accusation about this work performance, etc., (2) District still subjected Martinez to adverse employment actions like sending Martinez home for no reason, stalking Martinez, papering his personnel file, giving Martinez the most difficult work, embarrassing him at M&O meetings about his disability, etc.

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

Plaintiff was harassed, retaliated against, threatened with suspension, given reprimands, bad evaluations, suspended, and denied reinstatement back to job duties after her suspension. He was treated this way because of his complaints and protesting the discrimination against him based on race, disability, and engaging in the protected activity of complaining. The retaliation leveled against him was in violation of the California Fair Employment and Housing Act. To state a claim for harassment under FEHA, a plaintiff must allege that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. *(Lawler v. Montbla N. Am., LLC,* No. 15-cv-704 F.3d 1235, 1244 (9th Cir. 2013; *see also Chavez v. JP Morgan Chase Bank,* No. 15-cv-02328-DDP-PJW, 2016 W 3556591, at *6 (C.D. Cal. June 29, 2016); *Allen v. Centillium Coomms., Inc.,* No. 06—cv-0615-EDL, 2008 WL 916976, at *7 (N.D. Cal. Apr. 3, 2008). The FEHA prohibits punishing an employee for asserting his/her rights to be free from employment discrimination which includes retaliation. For example, like Martinez:

--filing a complaint, charge, or lawsuit

--communicating with a supervisor or manager about employment discrimination

--requesting accommodation for a disability for a religious practice

It is retaliation if an employer/supervisor acts because of the employee's protected activity to:

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

--reprimand the employee or give a performance evaluation that is lower than it should be;

--transfer the employee to a less desirable position;

--increase scrutiny; or

--make an employee's work much more difficult than other employees.

**Defendants engaged in all of these unlawful employment acts, but nothing was done to protect Martinez.**

65.   Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing his job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's disability. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.  Excessive supervision and bad-faith disciplinary writeups are parr of a hostile work environment.

66.  As a direct and proximate result of Defendant's action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

67. Unlike other similarly situated employees, Defendant used Plaintiff's disability in order to discriminate against him, placed him on suspension, told other employees Plaintiff was incapable, incompetent, and grossly negligent.

68. As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District because Martinez should be treated as all other employees in Maintenance & Operation who were not in his protect group.

## STATEMENT OF STATE CLAIM

## FIFTH CLAIM FOR RELIEF

(Harassment Against the Individual Defendants

and District Pursuant to FEHA)

69.    The allegations and attachments set forth above in **paragraphs 1 through 68, inclusive, are incorporated into this claim** for relief by reference as if set forth in full.

70. Plaintiff was harassed, retaliated against, threatened with suspension, given reprimands, bad evaluations, suspended, and denied reinstatement back to her job duties after her suspension.  He was treated this way because of complaints and

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

protesting the discrimination against him based on disability discrimination and because he is a Latino. The daily harassment leveled against him was in violation of the California Fair Employment and Housing Act. Plaintiff was even subjected to religious harassment also. Defendant Hardie knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to prevent them even though she was in charge of the Human Resources Department. The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress. Ament, Nason, and Hardie did all that they could to create a hostile work environment which would, they thought, cause Martinez to resign. Instead, they had to terminate him.

71.    Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing his job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's disability. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

72. As a direct and proximate result of Defendant's action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

73.    Unlike other similarly situated employees, Defendant used Plaintiff's race/ethnic origin/national origin in order to discriminate against him, placed him on suspension, told other employees Plaintiff was incapable, incompetent, and grossly negligent.

74.  As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against District.

<u>**STATEMENT OF STATE AND FEDERALCLAIM**</u>

<u>**SIXTH CLAIM FOR RELIEF**</u>

(Religious Discrimination/Retaliation

Against District Pursuant to FEHA)

74. The allegations and attachments set forth above in **paragraphs 1 through 73, inclusive, are incorporated into this claim** for relief by reference as if set forth in full.

75.  As a further direct and proximate result of Defendants' unlawful, pervasive, retaliation against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court. A *reasonable accommodation* is an adjustment to the employee's work environment or job duties that can enable the employee to perform the essential functions of a job in a suitable conditions. Religious employees may have a right to an accommodation of their religious practices and observances. Gov. Code, § 12940, subd. (l)

76. Martinez states a claim for religious discrimination by alleging that he (1) had a bona fide religious belief which conflicted with an employment duty, (2) informed District of the belief and conflict, and (3) District subjected him to discriminatory treatment because of Martinez's inability to go against his religion for District's requirements. District, Hardie, Ament, and Nason by their very acts, not only discriminated against Martinez because of his religion, but also because he insisted he had to adhere to his religious beliefs. They retaliated against him because he refused TO IGNORE his religious beliefs and follow District's commands and demands and ignore the laws of the United States and California which would have permitted him to practice his religion at work.

WHEREFORE, Plaintiff seeks a judgment against District.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

## STATEMENT OF A FEDERAL CLAIM

## SEVENTH CLAIM FOR RELIEF

(Disability Discrimination in Violation of the

California Fair Employment & Housing Act

Against District for Disability Discrimination)

77.  The allegations and attachments set forth above in **paragraphs 1 through 76, inclusive, are incorporated into this claim for relief** by reference as if set forth in full.

78.  Defendants discriminated against Plaintiff based on his disabilities.  No other employee with disabilities was treated on a continuous basis as Plaintiff has been treated as Plaintiff.  No other employee with disabilities has been terminated because he has a disability which affects a "major" life activity like hearing.  Under the first test for disability under the FEHA as defined in the ADA, an individual's physical impairment must be one that substantially limits one or more of the major life activities of such individual.  ADA § 3(2)(A) [42 USCS § 12102(2)(A)].  The phrase "major life activities" as used in the definition of disability means functions such as caring for one's self, performing manual tasks, walking, seeing, **hearing**, speaking, breathing, learning, working, and lifting.  28 CFR §§ 35.104, 36.104; 49 CFR § 37.3(2); In re Northland Pioneer College (1993, Dept. of Education) 4ADD 827.  **Plaintiff has bilateral hearing loss and has had the same since childhood.**

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana Canyon Road
Suite 210
Anaheim Hills, California 92807

**He is unable to hear and requires the assistance of a hearing device or other special technology.**

79. Claims for discrimination under the ADA and the FEHA are subject to the same analysis.  (*See Bradley v. Harcourt, Brace and Co.,* 104 F.3d 267, 271 (9th Cir. 1996).  To state a claim Martinez alleged that he: (1) is disabled; (2) is qualified for his position, (3) suffered adverse employment action because of his disability.[1]

WHEREFORE, Plaintiff requests relief as set forth below against District.

<u>**STATEMENT OF A FEDERAL CLAIM**</u>

<u>**EIGHTH CLAIM FOR RELIEF**</u>

(Violation of the Rehabilitation Act of 1973,

§ 504 Against District)

80. The allegations and attachments set forth above **in paragraphs 1 through 79, inclusive, are incorporated into this claim for relief by reference** as if set forth in full.  The Court recognized that [i]n January 2020, when Martinez talked about his disabilitye and potential accommodations t a staff meeting, Martinez alleges Ament accused him of "lying and being dishonest."  . . . On July 01, 2021, Martinez requested an accommodation related to COVID-19 mas exemption for

---

[1] Gov. Code, § 12940, subd.(a), (m); *Gelfo v. Lockheed Martin Crp.* (2006) 140 Cal.App.4[th] 34, 54 ["In addition to a general prohibition against unlawful employment discrimination based on disability, FEHA provides a reasonable accommodation for an applicant's or employee's know disability."

people who are hearing impaired per California Department of Public Health Guidelines; on the same day Ament sent Martinez home early early, and Martinez alleges Ament and Nason 'continued to attempt to get Martinez terminated" for failure to wear a mask."

81.  "No otherwise qualified individual with handicaps in the United states, as defined in section 706(8) of this title, shall, solely by reason oof her or his handicap, be excluded from the participation in . . . or subjected to discrimination under any program or activity receiving federal financial assistance.  . . . The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.  29 U.S.C. §794." Plaintiff suffered a materially adverse employment action when he was forced to not have the privileges of his employment like the other employees not in his protected group.  Instead, Martinez was given retaliatory unsatisfactory evaluations, monitored on a daily basis, given written and verbal reprimands, etc.

82. The refusal by District to give Martinez the privileges of his employment is an adverse action under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for Plaintiff's complaints and on-going retaliation of using Plaintiff's disabilities against him, this violation would not have occurred.

83.  Plaintiff was not required to exhaust his administrative remedies under

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated that "private plaintiffs suing under section 504 need not first exhaust administrative remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not one of procedure but whether or not the employer violated the Act.  29 U.S.C. § 794(d).

WHEREFORE, Plaintiff demands judgment against Defendant District.

## STATEMENT OF A STATE CLAIM

## NINTH CLAIM FOR RELIEF

(Violation of the California's **FEHA** in

Violation of Race Discrimination Against District)

84. The allegations and attachments set forth above in **paragraphs 1 through 83, inclusive, are incorporated into this claim** for relief by reference as if set forth in full.

85.  Plaintiff was retaliated against, verbally harassed with constant written reprimands, threatened with termination, suspended, "demoted," denied his civil rights in violation of the laws of the United States *because he is a Latino*.  *No other White or non-Latino* employee was treated in this manner as Martinez.  (1) Martinez is a member of a protected class because he is Latino/Hispanic and non-White. (2) He was and is qualified and was determined to be qualified with an over all Satisfactory on his last evaluation.  (3) He experienced several instances of adverse employment actions from a series of written reprimands that were placed in this

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

personal file, had zone and buildings changed to make his work much more difficult than the White employees, put on disciplinary administrative leaves for alleged disability because he was non-White, etc. (4) These circumstances give rise to the inference of discrimination.  But-for Martinez's being a non-White, Latino/Hispanic, he would not have suffered in this manner.  Sections 1981 and 1983 prohibit discrimination based on race.  The reasons offered by the Individual Defendants were not true reasons, but were a pretext for discrimination.

86.   WHEREFORE, Plaintiff requests relief as set forth below against District.

## STATEMENT OF A STATE CLAIM

## NINTH CLAIM FOR RELIEF

(Wrongful Termination Against District)

87. The allegations and attachments set forth above in **paragraphs 1 through 86, inclusive, are incorporated into this claim** for relief by reference as if set forth in full.

88.   Wrongful termination happens when an employment relationship is ended by an employer in violation of the employee's legal rights.  Gov. Code, § 12940 [California Fair Employment and Housing Act, which prohibits certain types of discriminatory firing]; 42 U.S.C. §2000e—2000e-17.  (The Civil Rights Act of 1964 is a federal law that prohibits certain types of discriminatory firing.

89.   Indeed, Martinez suffered a wrongful termination in violation of his legal rights based on statute.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

## PRAYER FOR RELIEF

1. **Issue a permanent injunction** instructing District to reinstate Plaintiff in the position Plaintiff held before the unlawful suspension.

2. **Issue a declaration of rights** declaring that Defendant's retaliatory and harassing conduct as alleged in this complaint violates Plaintiff's civil and constitutional rights.

3. An award of monetary damages sufficient to fully compensate Plaintiff for all losses he has suffered as a direct and proximate result of District's and its agents unequal, discriminatory, revenge, bullying, harassing, and retaliatory treatment of him, including "comp time."

4. An award of monetary damages sufficient to fully compensate Martinez for emotional trauma suffered by her, including damages for mental distress, emotional pain, loss of enjoyment of life, and other nonpecuniary losses.

5. An award of monetary damages as mandated by civil rights laws, both federal and state.

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ

6.  An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7.  An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, § 1021.5; 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees.

8.  An award of costs, including attorneys' fees, to cover **all** of  Plaintiff's actual costs.

9.  An award of punitive damages against the Individual Defendants.

10. An award of damages pursuant to other relevant provisions of law.

11. An award of such other and further relief as the Court considers proper and just.

Dated:  December 26, 2024

**LAW OFFICES OF GLORIA DREDD HANEY**


By: _/"s"/ Gloria Dredd Haney_
Gloria Dredd Haney
Attorney for Plaintiff
**DANIEL MARTINEZ**

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

## __VERIFICATION__

**I, DANIEL MARTINEZ, DECLARE AS FOLLOWS:**

I am the Plaintiff in the above-entitled action and make this verification for my Third Amended Federal Complaint filed in the United States District Court for the Central District of California.  I have read the foregoing Third Amended Federal Complaint and know of its contents.  The same is true of my own knowledge, except as to those matters I believe to be true from my own personal observation.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed  _26th_____  day of  _December_ 2024 in Upland, California.


_____/s Daniel Martinez_____
Declarant

LAW OFFICES OF GLORIA DREDD HANEY
5753 East Santa Ana  Canyon Road
Suite 210
Anaheim Hills, California 92807

THIRD AMENDED FEDERAL COMPLAINT FOR PLAINTIFF DANIEL MARTINEZ