UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-02441-SSS-SPx | Date | April 1, 2025 |
|---|---|---|---|
| Title | *Daniel Martinez v. Chaffey Community College, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e) [Dkt. 58]**

Before the Court is Plaintiff Daniel Martinez's Motion Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to Alter or Amend Judgment (the "Motion") filed on February 25, 2025. [Dkt. 58]. Defendants Chaffey Community College District, Susan Hardie, Aissa Nason, and Troy Amen (collectively "Defendants") filed an Opposition to the Motion on March 6, 2025. [Dkt. 61]. For the reasons stated below, the Motion is **DENIED**.

### I.  LEGAL STANDARD

"[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [the time period permitted by the Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ((citation omitted)). "Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. 'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.' " *Allstate Ins.*

*Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id*. (citing *McDowell*, 197 F.3d at 1255 n.1).

Whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Additionally, under Local Rule 7-18, a motion for reconsideration may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. C.D. Cal. R. 7-18.

## II. DISCUSSION

Plaintiff argues he is entitled to relief from the Court's prior order granting Defendants' motion to dismiss because (1) the Court failed to consider relevant facts asserted in his claims and (2) dismissal with prejudice for a "non-substantive reason is unduly harsh and results in manifest injustice." [Motion at 3]. Defendants respond by claiming Plaintiff's Motion should be denied because it suffers from several procedural issues and it does not present any newly discovered evidence, intervening change in controlling law, or clear error and is improper for reconsideration under Fed R. Civ. P. 59(e). [*See generally* Opp.].

At the outset, the Court notes that the Motion violates multiple Local Rules of this District. Firstly, Plaintiff fails to include the required statement of compliance with C.D. Cal. R. 7-3 and the required information under the Court's Civil Standing Order. [Dkt. 17 at 11] ("The notice of motion or other request must include a statement of compliance with the meet and confer requirements set out in Local Rule 7-3. The Court may strike or deny a motion or other relief if counsel

fails to meet and confer in good faith."). As such, Plaintiff has failed to comply with the meet and confer requirements for all motions.

Next, the Motion is untimely under the requirements of C.D. Cal. R. 7-18. The Rule states, "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *Id*. As Defendants emphasize in their Opposition, the Motion was filed on February 25, 2025, while the subject of the Motion is the Order issued on January 27, 2025. Plaintiff's Motion was filed twenty-nine days after the prior order on the motion to dismiss and runs fifteen days afoul of the deadline. Finally, the Motion is untimely under the requirements under the Federal rules of Civil Procedure. Fed R. Civ. P. 59(e) requires any motion to be file no later than twenty-eight days after the entry of judgment and, as previously discussed, this was filed twenty-nine days later than the order on the motion to dismiss was filed. This is one day late and, accordingly, the Motion is untimely.

The Motion also violates C.D. Cal. R. 7-18's other requirements on a motion for reconsideration. Plaintiff fails to proffer a "material difference in fact or law presented to the Court" or the "emergence of new material facts or a change of law occurring" after the order on the motion to dismiss was issued. As to a "failure to consider material facts presented to the Court", the Court is unpersuaded by Plaintiff's argument that the Court failed to consider the similarity in his claims for "race/ethnicity, major hearing disability discrimination, religious discrimination, and retaliation" and how they are interrelated. [Motion at 5]. The Court notes that Plaintiff never filed an opposition to the prior motion to dismiss and, as a result, did not provide anything for the Court to consider other than the third amended complaint. Plaintiff otherwise fails to identify any specific allegation in the third amended complaint the Court manifestly failed to consider and, therefore, fails to present a permissible basis for relief on a motion for reconsideration.

Plaintiff cites *Jett v. Dallas Independent School District* for the proposition that claims under § 1981 for violations by state actors must be brought through § 1983. 491 U.S. 701 (1989); [Motion at 4]. That case held that the express "action at law" provided by § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor. *Id.* at 733. However, the First Claim is asserted against individual defendants and not a state actor or government entity. Furthermore, the Court's issue with Plaintiff's third amended complaint was that it was unclear whether Plaintiff was asserting a claim under § 1981 or § 1983 and

neither Defendant nor the Court is expected to parse the legal basis for Martinez's claims. [Dkt. 39 at 6]. Plaintiff misunderstands the relationship between the two statutes and the third amended complaint failed to clarify whether he is asserting a claim under § 1981 or § 1983, or both.

The Court notes that Plaintiff's failure to oppose the prior Motion to Dismiss and to file a Reply in support of the current Motion raises concerns about Plaintiff's lack of diligence in prosecuting his case.

### III.   CONCLUSION

In accordance with the above, the Court finds that Plaintiff has not met his burden for relief under Fed. R. Civ. P. 59(e) and the Motion is **DENIED**. [Dkt. 58].

**IT IS SO ORDERED**.