Danny Y. Yoo, Bar No. 251574
dyoo@lcwlegal.com
Viddell Lee Heard, Bar No. 175049
lheard@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendants CHAFFEY COMMUNITY COLLEGE, SUSAN HARDIE, AISSA NASON, and TROY AMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CHAFFEY COMMUNITY COLLEGE DISTRICT, SUSAN HARDIE, AISSA NASON, TROY AMENT, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.:  5:23-cv-02441-SSS (SPx)<br><br>Complaint Filed: November 30, 2023<br><br>**DEFENDANTS' RULE 26(f) REPORT** |

**TO THE COURT AND ALL INTERESTED PARTIES:**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's March 3, 2025 Order, Defendants Chaffey Community College District, Susan Hardie, Aissa Nason, and Troy Ament respectfully submit this Rule 26(f) Report. This report is submitted unilaterally because, as more fully explained in the accompanying Declaration of Viddell Lee Heard, counsel for Plaintiff refused to communicate about or participate in the preparation of a joint report.  Defendants' counsel

emailed Plaintiff's counsel and her two paralegals on April 2, April 4, April 7, April 14, and April 17 requesting that the parties schedule a Rule 26(f) conference and prepare the joint report. (Heard Decl. ¶¶ 2-4.) Plaintiff counsel did not respond to any of those emails or otherwise communicate with defense counsel about this case. (*Id.*) Therefore Defendants prepared and filed this report.

a.   **Statement of the Case**

   **1.   PLAINTIFF'S STATEMENT OF THE CASE**

   **2.   DEFENDANT'S STATEMENT OF THE CASE**

Plaintiff Daniel Martinez worked as a janitor for the Chaffey Community College District from approximately 2008 to 2024, when he was terminated. During that period, Plaintiff was repeatedly counseled, reprimanded and disciplined for absenteeism and tardiness, poor work performance, and dishonesty.

In December 2015, Plaintiff was caught sleeping in a supply closet, after which he falsely claimed he was stocking shelves in the dark. The District initially decided to terminate Plaintiff. Instead, on April 4, 2017, Plaintiff and the District entered into a "Last Chance Agreement" in which Plaintiff he admitted that (1) he had slept on the job and lied about it for weeks thereafter and (2) that he had previously demonstrated poor work performance, tardiness, and absenteeism. Plaintiff also agreed that the reprimands listed in Paragraph 18 of the Third Amended Complaint (TAC) as alleged instances of harassment were, instead, "true and accurate descriptions of his misconduct." In exchange for the District reducing his discipline to a 15-day suspension, Martinez expressly released the District and its employees from any claims or liability "arising from or related or attributable to Martinez's employment with the District . . . up to the date of execution of this Agreement."

Unfortunately, Plaintiff's poor work performance continued. In November 2022, the District launched an investigation after employee Candace Brock

complained about Plaintiff's inappropriate and harassing conduct toward her. During the course of that investigation, Plaintiff retaliated against Brock by making disparaging comments about her to other employees, then falsely denied having done so. Based on his misconduct toward Brock and his history of poor work performance, the District terminated Plaintiff effective June 27, 2024.

Following the Court's rulings on Defendants' motions to dismiss (Dkt. ## 39, 56), only two claims remain in this case: the Fifth Claim for harassment in violation of the Fair Employment and Housing Act (FEHA) and the Eighth Claim for violation of Section 504 of the Rehabilitation Act of 1973. Defendants are confident that Plaintiff will be unable to prove these claims because he was not, in fact, subjected to unlawful harassment or denied reasonable accommodations of his hearing disability. Plaintiff was reprimanded, disciplined, and ultimately fired because of his repeated poor work performance, tardiness, absenteeism, inappropriate conduct, and dishonesty -- not because of his disability. And the District at all times provided Plaintiff with reasonable accommodations for his disability, including by providing Plaintiff with a special cell phone.

**b.   Subject Matter Jurisdiction**

Defendants believe that, under 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's Eighth Claim for Relief for violation of the Rehabilitation Act. Defendants also believe the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's Fifth Claim for alleged violation of the FEHA.

**c.   Legal Issues**

    **1.   PLAINTIFF'S STATEMENT OF KEY LEGAL ISSUES**

    **2.   DEFENDANTS' STATEMENT OF KEY LEGAL ISSUES**

**Waiver and Release.** As discussed above, on April 4, 2017, Plaintiff entered into a Last Chance Agreement in which he released Defendants from all claims

relating to his employment up to the date of execution. Plaintiff nevertheless bases his claims on alleged conduct that occurred prior to April 2017. (*See, e.g.,* TAC at 5-8, 10-14, 17-18.) Defendants will ask the Court to bar Plaintiff from any attempt to base his claims on those alleged conduct released in the agreement.

**Sanctions**. Defendants believe Plaintiff's attempt to recover for alleged conduct occurring prior to April 2017, and his failure to disclose the April 2017 release in his pleadings, violate Rule 11(b). Defendants intend to seek sanctions or other relief.

**Harassment Claim Based on Personnel Management Actions**. The California Supreme Court has held that a FEHA harassment claim may not be based on common personnel management actions. *Reno v. Baird*, 18 Cal.4th 640, 646-648 (1998). The *Reno* court held that the California Legislature intended that "commonly necessary personnel management actions such as…, job or project assignments,… performance evaluations, the provision of support,… deciding who will and who will not attend meetings,… and the like, do not come within the meaning of harassment." *Id*. at 646-647. Defendants will seek judgment on Plaintiff's Fifth Claim for harassment because the claim is based entirely on personnel management actions that "do not come within the meaning of harassment" under the FEHA.

**Time Bar.** Defendants believe Plaintiff's claims are time-barred in whole or in part, and to that extent will seek judgment on the claims.

Defendants are presently unaware of any other "unusual substantive, procedural or evidentiary issues" that might arise in this action.

d.   **Parties, Evidence, Etc.**

   1.   **PLAINTIFF'S LIST OF PARTIES, WITNESSES, AND PRESENTLY KNOWN KEY DOCUMENTS**

## 2. DEFENDANTS' LIST OF PARTIES, WITNESSES, AND PRESENTLY KNOWN KEY DOCUMENTS

**Parties.** Daniel Martinez is the Plaintiff in this action. The Defendants are the District and District employees Troy Ament, Susan Hardie, and Aissa Nason.

**Witnesses.** Plaintiff has not thus far provided details about the basis of his claims, and therefore Defendants do not know which witnesses may have discoverable knowledge regarding his claims. Nevertheless, Defendants currently believe such witnesses will include Ament, Hardie, Nason, Candace Brock, Laura Hope, Matt Morin, Tomeika Carter, Brittney Mercado, Gina Valdez, and Brandon Toepher. Defendants' investigation of Plaintiff's claims continues and Defendants reserve the right to later identify further knowledgeable witnesses.

**Key Documents.** Because Plaintiff has not clarified the basis of his claims, Defendants have not yet identified the "key documents" that bear on those claims. Nevertheless, Defendants believe pertinent documents would include, without limitation:

1. Plaintiff's personnel file, which include his prior performance evaluations from 2008 to present and similar documents as well as documents memorializing or reflecting counseling, reprimands or discipline of Plaintiff.
2. Documents, including emails, relating to Plaintiff's poor work performance, tardiness, absenteeism, inappropriate conduct, and dishonesty, or relating to Defendants' efforts to investigate, address or change that behavior.
3. The April 4, 2017 Last Chance Agreement and attachments thereto.
4. Documents relating to the 2022-23 investigation into Plaintiff's misconduct toward Ms. Brock, including a Confidential Investigation Report dated April 27, 2023.
5. Emails or other documents bearing on about Plaintiff's inappropriate or

disruptive behavior at work, Defendant's investigation of those complaints,

6. Documents relating to the District's termination of Plaintiff's employment, including a September 22, 2023 Notice of Intent to Terminate and a June 27, 2024 Final Notice of Termination from Employment.

7. District Board policies and procedures, and the Memorandum of Understanding between the District and Chapter 431 of the California School Employees Association.

8. Plaintiff's time and pay records insofar as they may be relevant to damages or other issues.

9. Plaintiff's medical or psychiatric care records insofar as they are relevant to the issues in this case.

10. Information and communications with Cal/OSHA insofar as relevant to Plaintiff's allegation of retaliation.

Defendants reserve the right to later identify additional documents as investigation and discovery continue.

**e.** **Service of Complaint**

**f.** **Damages**

**g.** **Insurance**

The District is insured via a joint powers authority, Southern California Schools Risk Management. Neither a reservation of rights nor a dispute regarding coverage exists in this litigation.

///

///

///

**h. Motions**

At this point in the litigation, Defendants do not intend to file motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**i. Dispositive Motions**

Defendants intend to seek summary judgment on all claims in this action.

**j. Manual for Complex Litigation**

Defendants do not believe this case falls under the category of "Complex Litigation."

**k. Status of Discovery**

Because Plaintiff has refused to confer as required by Rule 26(f), Defendants have been unable to seek discovery. Defendants therefore respectfully request that, as part of the Court's Scheduling Order, the Court authorize Defendants to commence discovery.

**l. Discovery Plan**

    **1. PLAINTIFF'S DISCOVERY PLAN**

    **2. DEFENDANTS' DISCOVERY PLAN**

Defendants do not believe any changes to the disclosures under Rule 26(a) should be made and do not believe discovery should be conducted in phases.

Defendants' subjects of discovery will include taking discovery of all aspect of Plaintiff's claims, including (1) the specific conduct on which Plaintiff bases his claims as to *each* Defendant; (2) the time span over which the actionable conduct; (3) Plaintiff's inappropriate or unacceptable conduct at work; (4) Plaintiff's claimed damages. Defendants will also take discovery designed to substantiate their affirmative defenses.

Once authorized to do so, Defendants intend to serve requests for production and interrogatories on Plaintiff designed to obtain clarification and substantiation of

1 Plaintiff's claims. Defendants also intend to serve requests for admission relating to
2 Plaintiff's Last Chance Agreement and, if necessary, other subjects.
3   After analyzing Plaintiff's responses to written discovery, Defendants intend
4 to take her deposition. Defendants may also need to take depositions of other
5 persons identified by Plaintiff in discovery, as well as Plaintiff's health care
6 professionals.
7   Because of counsel for Plaintiff's frequent refusal to communicate, or delay
8 in doing so, Defendants are unable to reliably predict when they will complete
9 discovery.

**m.   Fact Discovery Cutoff**

Please see the attached Exhibit A.

**n.   Expert Discovery**

Please see the attached Exhibit A.

**o.   Settlement/Alternative Dispute Resolution (ADR)**

No settlement discussions have occurred.  Please see the attached Exhibit A.

**p.   Trial Estimate**

**1.   PLAINTIFF'S TRIAL ESTIMATE**


**2.   DEFENDANTS' TRIAL ESTIMATE**

Please see the attached Exhibit A. Defendants cannot reliably estimate the length of trial until Plaintiff provides details regarding the factual basis of his claims and a list of persons with actual knowledge regarding those alleged facts. If both of Plaintiff's claims survive as to all Defendants, Defendants believe trial will take at least six days, and Defendants would anticipate calling at least nine witnesses.

**q.   Trial Counsel**

**1.   PLAINTIFF'S TRIAL COUNSEL**

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

**2.    DEFENDANTS' TRIAL COUNSEL**

Defendants' Trial Counsel: Danny Y. Yoo and Viddell Lee Heard.

**r.    Independent Expert or Master**

Defendants do not believe this case calls for an Independent Expert or Master or an independent scientific expert.

**s.    Schedule Worksheet**

Please see the attached Exhibit A, which includes only dates requested by Defendants because, as noted, Plaintiff's counsel has refused to cooperate in the preparation of this report.

Dated: April 18, 2025                    LIEBERT CASSIDY WHITMORE

By: /s/ Viddell Lee Heard
    Danny Y. Yoo
    Viddell Lee Heard
    Attorneys for Defendants
    CHAFFEY COMMUNITY
    COLLEGE, SUSAN HARDIE,
    AISSA NASON, and TROY
    AMENT

# EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the Court will set them.

**Case No.** 5:23-cv-02441-SSS-SP   **Case Name:** Daniel Martinez v. Chaffey Community College District, et al.

| **Trial and Final Pretrial Conference Dates** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
|---|---|---|
| Check one: ☐ Jury Trial or ☒ Bench Trial<br>[Monday at 9:00 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: 6 Days | | 8/10/2026 |
| Final Pretrial Conference ("FPTC" [L.R. 16],<br>[Friday at 1:00 p.m. at least 17 days before trial] | | 7/17/2026 |

| **Event** [1]<br>Note: All deadlines shall be on Fridays.<br>Hearings shall be on Fridays at 2:00 p.m. | **Time Computation**[2] | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties | 6 weeks after Scheduling Conference | | 6/13/2025 |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 27 weeks before FPTC | | 3/27/2026 |
| Expert Disclosure (Initial) | 26 weeks before FPTC | | 4/3/2026 |
| Expert Disclosure (Rebuttal) | 24 weeks before FPTC | | 4/17/2026 |
| Expert Discovery Cut-Off | 22 weeks before FPTC | | 5/8/2026 |
| Last Date to Hear Motions<br>• Rule 56 Motion due at least 49 days before hearing; Rule 56 Opposition due at least 35 days before hearing; Rule 56 Reply due at least 28 days before hearing.<br>• Deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | 11 weeks before FPTC | | 5/29/2026 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>**Select one**: ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☐ 3. Private Mediation | 8 weeks before FPTC | | 5/22/2026 |
| Deadline to File Motions in Limine | 6 weeks before FPTC | | 6/5/2026 |
| Deadline for Oppositions to Motions in Limine | 4 weeks before FPTC | | 6/19/2026 |
| Trial Filings<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | | 7/3/2026 |
| Hearing on Motions in Limine | 1 week before FPTC | | 7/10/2026 |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.
[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.

Rev. 11/07/2024         8